# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODRIQUES; LINDA RODERIQUES, Individually; LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, minor
Plaintiffs,

03 11497 MEL

MAGISTRATE JUDGE Collings

V.

AMERICAN FOAM CORPORATION; FOAMEX INTERNATIONAL; BARRY H. WARNER; TRITON REALTY LIMITED PARTNERSHIP; JEFFREY DERDERIAN; MICHAEL DERDERIAN; DERCO, LLC; MANIC MUSIC MANAGEMENT, INC.; JACK RUSSELL, MARK KENDALL; DAVID FILICE; ERIC POWERS; DANIEL BICHELE; PAUL WOOLNOUGH; KNIGHT RECORDS INC.; ANHEUSER-BUSCH COMPANIES, INC.; MCLAUGHLIN & MORAN, INC.; LUNA TECH, INC.; LUNA TECH PYROTECHNIC GMBH; CLEAR CHANNEL COMMUNICATIONS INC., d/b/a WHJY-FM; MOTIVA ENTERPRISES, LLC; SHELL OIL COMPANY; TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND and IRVING J. OWENS.
Defendants

RECEIPT # 49537
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FOM
DATE 8/11/03

## COMPLAINT

### JURISDICTION AND VENUE

1. The plaintiffs allege claims in negligence, product liability, wrongful death, and loss of consortium.

2. Jurisdiction in this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. 1322(a)(1). The amount in controversy exceeds $75,000.



DOCKETED

1

3. Jurisdiction in this Court may also be based upon 28 U.S.C. 1369, Multiparty Multiforum Jurisdiction.

## PARTIES

### Plaintiffs

4. The plaintiffs, Estate of Donald Rodriques, by and through Linda Rodriques, Administrators; Linda Rodriques individually; Mandi Rodriques, a minor, by and through her father and next friend, Linda Rodriques; are individuals who at all times relevant hereto lived in Fall River, Massachusetts. Mr. Rodriques was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club. Ms. Rodriques' appointment as Administratrix of the plaintiff Estate by the Barnstable Probate Court is pending.

### Defendants

5. The defendant American Foam Corporation is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Johnston, Rhode Island, and manufactured, sold and/or installed and placed into the stream of commerce the sound-proofing foam insulation to the owners of The Station night-club.

6. The defendant, "Foamex International", manufacturer of sound proofing foam, is a corporation doing business under virtue of the laws of the State of Pennsylvania, with a principle place of business located in Linwood, Pennsylvania.

7. The defendant Barry H. Warner is a resident of West Warwick, Rhode Island and upon information and belief, sold the said sound-proofing foam insulation to the defendants Jeffery Derderian, Michael Derderian, and/or DERCO, d/b/a The Station.

8. The defendant Triton Realty Limited Partnership is a limited partnership organized under the laws of the State of Rhode Island and owner of The Station night-club property. The defendant Triton Realty, Inc. is a Rhode Island Corporation and subsidiary of Triton Realty Limited Partnership, and either individually or jointly owned the property where the former Station stood and leased the property despite its dangerous and hazardous condition.

9. The defendant Jeffrey Derderian is a resident of the Town of Narragansett, State of Rhode Island, and a part owner of DERCO, LLC and the former Station night-club.

10. The defendant Michael Derderian is a resident of Saunderstown, Rhode Island, and a part owner of DERCO, d/b/a the former Station night-club.

11. The defendant DERCO, d/b/a The Station is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in West Warwick, Rhode Island. DERCO, d/b/a The Station is owned by Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station night-club.

12. The defendant Station night-club was a "Class C" venue under the laws of the state of Rhode Island, and was a musical venue that featured national and local music bands. As a Class C venue, the club's capacity was limited to 300 persons as provided in its license.

13. The defendant Manic Music Management, Inc. is, upon information and belief, a corporation organized under the laws of the State of California, and defendant Paul Woolnough is a resident of the State of California and the principal of Manic Music Management.

14. The defendant Jack Russell is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

15. The defendant Mark Kendall is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

16. The defendant David Filice is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

17. The defendant Eric Powers is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

18. The defendant Daniel Bichiele is a resident of the State of California and tour manager for the band Great White, and was so on February 20, 2003.

19. The defendant Paul Woolnough is a resident of the State of California and the principal of Manic Music Management and the defendant Knight Records, Inc.

20. The defendant Knight Records, Inc. is, upon information and belief, a corporation organized under the laws of the State of California and is the record company for the band Great White.

21. The defendant Anheuser-Busch Companies, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business in St. Louis, Missouri, and was a sponsor of the Great White concert at The Station on February 20, 2003.

22. The defendant McLaughlin & Moran, Inc. is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Cranston, Rhode Island, and was a sponsor of the Great White concert at The Station on February 20, 2003.

23. The defendant WHJY-FM, a corporation or other entity organized under the laws of the State of Rhode Island with a principal place of business in East Providence, Rhode Island, is

a subsidiary of the defendant Clear Channel Communications, Inc., and was a sponsor of the Great White concert at The Station on February 20, 2003.

24. The defendant Clear Channel Communications, Inc., is a corporation organized under the laws of the State of Texas with a principal place of business in Texas and owner of the radio station that was a sponsor of the Great White concert at The Station on February 20, 2003.

25. The defendant Luna Tech, Inc. is upon information and belief a corporation organized under the laws of the state of Alabama with a principal place of business in the City of Owens Cross Rocks, State of Alabama, and manufactured the pyrotechnics used by the band Great White at The Station on February 20, 2003. Luna Tech Inc. is a subsidiary of the defendant Luna Tech Pyrotechnic, GMBH, an organization formed under the laws of Germany with a principal place of business in Ascheffel, Germany.

26. The defendant Motiva Enterprises, LLC, a corporation or other entity organized under the laws of the State of Texas with a principal place of business in Houston, Texas, is a subsidiary of the defendant Shell Oil Company, and was a sponsor of the Great White concert at The Station on February 20, 2003.

27. The defendant Shell Oil Company, a corporation or other entity organized under the laws of the State of Delaware with a principal place of business in Houston, Texas, was a sponsor of the Great White concert at The Station on February 20, 2003, through its subsidiary, Motiva Enterprises, LLC.

28. The defendant, Town of West Warwick, is a municipal corporation organized and existing under the laws of the State of Rhode Island. Jurisdiction against the Town of West Warwick is consistent with Rhode Island General Laws 9-31-1 which abrogated the Doctrine of

Sovereign Immunity. Jurisdiction against the Town of West Warwick is also consistent with Rhode Island General Laws Sections 9-31-2 and 9-31-3.

29. The defendant, Dennis Larocque, Fire Inspector for the own of West Warwick, is responsible for promulgation and enforcement of fire safety laws in the Town of West Warwick.

30. The defendant, State of Rhode Island, through its Fire Marshal, defendant, Irving J. Owens, is responsible for promulgation and enforcement of fire safety laws in the State of Rhode Island.

## ALLEGATIONS COMMON TO ALL COUNTS

31. At some point prior to February 20, 2003, the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, d/b/a The Station purchased from the defendants American Foam Corp. and/or Barry H. Warner a quantity of foam insulation with the intent to use same as sound-proofing around the stage of the former Station night-club.

32. Said foam insulation material was not flame resistant and in fact was highly flammable and toxic.

33. Following said purchase of foam insulation, the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC caused said foam insulation to be installed on the walls and/or ceiling of The Station night-club.

34. At some point prior to February 20, 2003, the defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, entered into an agreement with the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC whereby the band Great White, whose members included Jack Russell, Mark Kendall, David

Filice, Eric Powers, and the late Ty Longley, would play at The Station night-club on February 20, 2003.

35. At some point prior to February 20, 2003, the defendants WHJY-FM, a subsidiary of the defendant Clear Channel Communications, and/or the defendant Anheuser-Busch, Inc., and/or the defendant McLaughlin & Moran, Inc., and or the defendant, Motiva Enterprises, LLC, a subsidiary of Shell Oil Company, entered into express and/or implied sponsorship agreements with the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC, and/or defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agents for the band Great White, to sponsor the concert at The Station night-club on February 20, 2003.

36. Upon information and belief, the defendant WHJY-FM, a subsidiary of the defendant Clear Channel Communications, Inc. promoted the event and distributed promotional items, negligently contributing to the unlawful overcrowding of the former Station night-club and seeking to profit from such contribution.

37. Upon information and belief, the defendant Anheuser-Busch, Inc. as part of its sponsorship of the event, specially prepared and delivered to the defendant McLaughlin & Moran, Inc. a shipment of beer, which was then delivered to The Station for consumption by fans of Great White. These defendants also distributed promotional tickets and engaged in other methods of promotion, contributing to overcrowding of The Station and sought to profit from their sponsorship.

38. The plaintiff's decedent, Donald Rodriques was a patron of The Station night-club on February 20, 2003.

39. The capacity of the former Station night-club was limited to 300 persons under the Class C license. Upon information and belief, more than 300 persons occupied The Station night-club the night of February 20, 2003.

40. The defendant Daniel Bichiele, and/or other agents of the band Great White, set up at or near the stage certain pyrotechnic devices manufactured by the defendant Luna Tech, Inc., for use during the Great White concert.

41. At approximately 11:10 p.m. on February 20, 2003, the band Great White took the stage at The Station.

42. After the band began playing, the defendant Daniel Bichiele activated the pyrotechnic devices at, on, or near the stage. As a result, sparks and/or flames flew from the device, igniting the foam insulation on the ceiling and rear wall of the night-club, causing a fire which rapidly spread and engulfed the entire building.

43. Patrons attempted to flee the night-club, but many persons, including the plaintiff's decedents, were unable to get out of the building and perished in the fire.

## CLAIMS AS TO AMERICAN FOAM CORP.

### COUNT ONE
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

44. Paragraphs One (1) through Forty-Three (43) are incorporated as if more fully set forth herein.

45. The defendant American Foam Corporation, and/or its agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence which was

a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) They placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) They represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) They failed to provide proper and appropriate warnings to product users;

d) They failed to properly design, manufacture, assemble, test, label, and market the foam;

e) They designed a foam insulation product that could not withstand normal use conditions and could not be used safely without risk of serious injury or death;

f) They knew or should have known of the dangerous propensities of said foam yet continued its manufacture, distribution and sale with reckless disregard for the safety of the public, including the plaintiff's decedent;

g) They breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose, when these warranties were part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-314;

h) They breached its express warranty that said foam was safe and effective for use when this warranty was part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-313;

i) They provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

j) They failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

k) They failed to issue warnings, recalls, or other similar product information bulletins after they became aware the foam was used for sound-proofing in buildings such as The Station night-club;

l) They failed to ensure that the sound-proofing material was fire resistant;

m) They failed to warn that pyrotechnics could not be safely used in spaces where their foam insulation was installed; and

n) They failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

46. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

47. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

48. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

49. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT TWO**
**By Linda Roderiques, Individually**
**For Loss of Consortium**
**(Negligence)**

50. Paragraphs One (1) through Forty-Nine (49) are hereby incorporated as if fully set forth herein.

51. As a result of the use of the foam as aforesaid, the Plaintiff, Deborah Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT THREE**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**(Negligence)**

52. Paragraphs One (1) through Fifty-One (51) are hereby incorporated as if fully set forth herein.

53. As a result of the sale and use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, wife and child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FOUR**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Strict Products Liability)**

54. Paragraphs One (1) through Fifty-Three (53) are hereby incorporated as if fully set forth herein.

55. The aforesaid product was not altered or modified in any way by the users or any third party from the condition in which it was manufactured and sold.

56. At all times relevant herein, said substance was expected to and did reach the users without substantial change in condition in which it was sold or manufactured.

57. The defendant American Foam Corp. is a product seller.

58. The defendant American Foam Corporation, and/or its agents, servants, or employees, are strictly liable and legally responsible for the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) They placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) They represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) They failed to provide proper and appropriate warnings to product users;

d) They failed to properly design, manufacture, assemble, test, label, and market the foam;

e) They designed a foam insulation product that could not withstand normal use conditions and could not be used safely without risk of serious injury or death;

f) They knew or should have known of the dangerous propensities of said foam yet continued its manufacture, distribution and sale with reckless disregard for the safety of the public, including the plaintiff's decedent;

g) They breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose, when these warranties were part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-314;

h) They breached its express warranty that said foam was safe and effective for use when this warranty was part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-313;

i) They provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

j) They failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

k) They failed to issue warnings, recalls, or other similar product information bulletins after they became aware the foam was used for sound-proofing in buildings such as The Station night-club;

l) They failed to ensure that the sound-proofing material was fire resistant;

m) They failed to warn that pyrotechnics could not be safely used in spaces where their foam insulation was installed; and

n) They failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

59. As a direct and proximate result thereof, plaintiff's decedent suffered excruciating continual mental and physical pain and distress prior to his untimely death and ultimately he died.

60. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

61. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

62. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT FIVE**
**By Linda Roderiques, Individually**
**Loss of Consortium**
**(Strict Products Liability)**

63. Paragraphs One (1) through Sixty-Two (62) are hereby incorporated as if fully set forth herein.

64. As a result of the use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT SIX**
**By Linda Roderiques, as Mother and Next Friend of Mandi Roderiques**
**Loss of Consortium**
**(Strict Products Liability)**

65. Paragraphs One (1) through Sixty-Four (64) are hereby incorporated as if fully set forth herein.

66. As a result of the sale and use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS OF NEGLIGENCE AS TO FOAMEX INTERNATIONAL**

**COUNT SEVEN**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques**
**(Negligence)**

67. Paragraphs One (1) through Sixty-Six (66) are hereby incorporated as if fully set forth herein.

68. The defendant Foamex International, and/or its agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence which was a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) They placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) They represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) They failed to provide proper and appropriate warnings to product users;

d) They failed to properly design, manufacture, assemble, test, label, and market the foam;

e) They designed a foam insulation product that could not withstand normal use conditions and could not be used safely without risk of serious injury or death;

f) They knew or should have known of the dangerous propensities of said foam yet continued its manufacture, distribution and sale with reckless disregard for the safety of the public, including the plaintiff's decedent;

g) They breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose, when these warranties were part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-314;

h) They breached its express warranty that said foam was safe and effective for use when this warranty was part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-313;

i) They provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

j) They failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

k) They failed to issue warnings, recalls, or other similar product information bulletins after they became aware the foam was used for sound-proofing in buildings such as The Station night-club;

l) They failed to ensure that the sound-proofing material was fire resistant;

m) They failed to warn that pyrotechnics could not be safely used in spaces where their foam insulation was installed; and

n) They failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

69. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

70. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

71. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

72. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT EIGHT**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

73. Paragraphs One (1) through Seventy-Two (72) are hereby incorporated as if fully set forth herein.

74. As a result of the sale and use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT NINE**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

75. Paragraphs One (1) through Seventy-Four (74) are hereby incorporated as if fully set forth herein.

76. As a result of the manufacturing sale and use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, wife and child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT TEN**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Strict Products Liability)**

77. Paragraphs One (1) through Seventy-Six (76) are hereby incorporated as if fully set forth herein.

78. The aforesaid product was not altered or modified in any way by the users or any third party from the condition in which it was manufactured and sold.

79. At all times relevant herein, said substance was expected to and did reach the users without substantial change in condition in which it was sold or manufactured.

80. The defendant Foamex International is a product seller.

81. The defendant Foamex International, and/or its agents, servants, or employees, are strictly liable and legally responsible for the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) They placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) They represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) They failed to provide proper and appropriate warnings to product users;

d) They failed to properly design, manufacture, assemble, test, label, and market the foam;

e) They designed a foam insulation product that could not withstand normal use conditions and could not be used safely without risk of serious injury or death;

f) They knew or should have known of the dangerous propensities of said foam yet continued its manufacture, distribution and sale with reckless disregard for the safety of the public, including the plaintiff's decedent;

g) They breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose, when these warranties were part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-314;

h) They breached its express warranty that said foam was safe and effective for use when this warranty was part of the basis of the bargain as set forth in Rhode Island Gen. Laws Sec. 6(a)-2-313;

i) They provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

j) They failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

k) They failed to issue warnings, recalls, or other similar product information bulletins after they became aware the foam was used for sound-proofing in buildings such as The Station night-club;

l) They failed to ensure that the sound-proofing material was fire resistant;

m) They failed to warn that pyrotechnics could not be safely used in spaces where their foam insulation was installed; and

n) They failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

82. As a direct and proximate result thereof, plaintiff's decedent suffered excruciating continual mental and physical pain and distress prior to his untimely death and ultimately he died.

83. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

84. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

85. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT ELEVEN**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Strict Product Liability)**

86. Paragraphs One (1) through Eighty-Five (85) are hereby incorporated as if fully set forth herein.

87. As a result of the manufacturing sale and use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT TWELVE**
**By Linda Roderiques, as Mother**
**and Next Friend to Mandi Roderiques, minor**
**for Loss of Consortium**
**(Strict Product Liability)**

88. Paragraphs One (1) through Eighty-Seven (87) are hereby incorporated as if fully set forth herein.

89. As a result of the manufacturing sale and use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AS TO BARRY H. WARNER**

**COUNT THIRTEEN**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Negligence)**

90. Paragraphs One (1) through Eighty-Nine (89) are hereby incorporated as if fully set forth herein.

91. At all times relevant hereto, the defendant Barry H. Warner was employed by American Foam Corporation and was acting in the course and scope of his employment.

92. Prior to February 20, 2003, the defendant Barry H. Warner sold the foam material to the defendants Jeffery Derderian, Michael Derderian, and/or DERCO, LLC, d/b/a The Station to be used as sound-proofing material at the former Station night-club and represented to said defendants that the foam could be safely and appropriately used as sound-proofing material when he knew or should have known that in fact the foam was highly flammable

and toxic and could not be safely used for sound-proofing in a night-club where smoking and use of pyrotechnics was permitted.

93. The defendant Barry H. Warner owed a duty to the Plaintiffs and is liable and legally responsible for negligence which was a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) He placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) He represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) He failed to provide proper and appropriate warnings to product users;

d) He knew or should have known of the dangerous propensities of said foam yet sold it with reckless disregard for the safety of the public, including the plaintiff's decedent;

e) He breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose;

f) He breached its express warranty that said foam was safe and effective for use;

g) He provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

h) He failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

i) He failed to provide sound-proofing material that was fire resistant when he knew the intended use of the product;

j) He failed to warn that pyrotechnics could not be safely used in spaces where the foam insulation was installed; and

k) He failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

94. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to her untimely death and ultimately he died.

95. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

96. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy her family and friends, resulting in substantial loss and damage to his estate.

97. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**<u>COUNT FOURTEEN</u>**
**Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

98. Paragraphs One (1) through Ninety-Seven (97) are hereby incorporated as if fully set forth herein.

99. As a result of the sale and use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FIFTEEN**
**By Linda Roderiques, as Mother and Next Friend of Mandi Roderiques, minor for Loss of Parental Consortium (Negligence)**

100. Paragraphs One (1) through Ninety-Nine (99) are hereby incorporated as if fully set forth herein.

101. As a result of the sale and use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT SIXTEEN**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Strict Product Liability)**

102. Paragraphs One (1) through One Hundred One (101) are incorporated as if fully set forth herein.

103. At all times relevant hereto, the defendant Barry H. Warner was employed by American Foam Corporation and was acting in the course and scope of his employment.

104. Prior to February 20, 2003, the defendant Barry H. Warner sold the foam material to the defendants Jeffery Derderian, Michael Derderian, and/or DERCO, d/b/a/ The Station, to be used as sound-proofing material at the former Station night-club and represented to said defendants that the foam could be safely and appropriately used as sound-proofing material when he knew or should have known that in fact the foam was highly flammable and toxic

and could not be safely used for sound-proofing in a night-club where smoking and use of pyrotechnics was permitted.

105. The defendant Barry H. Warner is strictly liable and legally responsible for the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) He placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) He represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

c) He failed to provide proper and appropriate warnings to product users;

d) He knew or should have known of the dangerous propensities of said foam yet sold it with reckless disregard for the safety of the public, including the plaintiff's decedent;

e) He breached the implied warranty of merchantability and fitness in that said foam was not of merchantable quality or fit for its intended purpose;

f) He breached its express warranty that said foam was safe and effective for use;

g) He provided, distributed, and/or sold a dangerous foam insulation product when there were safer alternatives available;

h) He failed to follow the product once it was placed into the stream of commerce to see how it performed in actual use conditions;

i) He failed to provide sound-proofing material that was fire resistant when he knew the intended use of the product;

j) He failed to warn that pyrotechnics could not be safely used in spaces where the foam insulation was installed; and

k) He failed to warn against misuse of the product when misuse as sound-proofing was foreseeable.

106. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

107. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

108. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty seven (47) year-old woman, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

109. As a result of his death, the Estate of Donald Rodriques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT SEVENTEEN**
**By Linda Roderiques, Individually**
**for Loss of Spousal Consortium**
**(Strict Product Liability)**

110. Paragraphs One (1) through One Hundred Ten (110) are hereby incorporated as if fully set forth herein.

111. As a result of the sale and use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT EIGHTEEN**
**By Linda Roderiques, as Mother and Next Friend of Mandi Roderiques, minor for Loss of Parental Consortium (Strict Product Liability)**

112. Paragraphs One (1) through One Hundred Eleven (111) are hereby incorporated as if fully set forth herein.

113. As a result of the use of the foam, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST JEFFERY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC, d/b/a The STATION**

**COUNT NINETEEN**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

114. Paragraphs One (1) through One Hundred Thirteen (113) are hereby incorporated as if fully set forth herein.

115. The defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC, d/b/a The Station and/or their agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Donald Roderiques in one or more of the following respects, in that they:

a) Failed to properly manage, control, supervise and/or inspect The Station night-club prior to and during the Great White concert;

b) Installed highly flammable and toxic foam material around the stage of the night-club and failed to ensure that the sound-proofing material was fire resistant, in violation of R.I. Gen. Laws Section 23.28.6-15;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to install, maintain, or inspect proper emergency lighting and exit signs that were operable in the event of fire or power outage, in violation of R.I. Gen. Laws Section 23-28.6-13;

f) Failed to adequately inspect The Station for safety hazards;

g) Failed to install sprinklers or other fire prevention apparatus at The Station;

h) Failed to provide adequate exits and Failed to provide adequate exits and failed to inform patrons of The Station of the location of fire exits or require personnel present to do so;

i) Allowed unsafe numbers of persons on the premises during the Great White performance;

j) Allowed The Station to become overcrowded with patrons during performances;

k) Caused or allowed the parking of vehicles in an area around The Station structure so as to impede safe egress in the event of a fire;

l) Caused or allowed uneven floor surfaces in The Station which constituted a tripping hazard;

m) Knew or should have known of the dangerous conditions at The Station and failed to remedy those conditions; and

n) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station.

116. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

117. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

118. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

119. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT TWENTY**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

120. Paragraphs One (1) through One Hundred Nineteen (119) are hereby incorporated as if fully set forth herein.

121. As a result of the use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT TWENTY-ONE**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

122. Paragraphs One (1) through One Hundred Twenty-One (121) are hereby incorporated as if fully set forth herein.

123. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST MANIC MUSIC MANAGEMENT, INC.**

**COUNT TWENTY-TWO**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Negligence)**

124. Paragraphs One (1) through One Hundred Twenty-Three (123) are hereby incorporated as if fully set forth herein.

125. The defendant Manic Music Management, Inc. and/or their agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Mr. Roderiques in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station; and

f) Knew or should have known that the band Great White would use pyrotechnics during its concert and yet failed to take reasonable and necessary precautions.

126. As a result of the negligence, carelessness and statutory violations of said defendant, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to her untimely death and ultimately she died.

127. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

128. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

129. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT TWENTY-THREE**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

130. Paragraphs One (1) through One Hundred Twenty-Nine (129) are hereby incorporated as if fully set forth herein.

131. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT TWENTY-FOUR**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

132. Paragraphs One (1) through One Hundred Thirty-One (131) are hereby incorporated as if fully set forth herein.

133. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS,**
**d/b/a GREAT WHITE**

**COUNT TWENTY-FIVE**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Negligence)**

134. Paragraphs One (1) through One Hundred Thirty-Three (133) are hereby incorporated as if fully set for therein.

135. The defendants Jack Russell, Mark Kendall, David Filice, Eric Powers, and/or their agents, servants, or employees, are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Mr. Roderiques in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station; and

f) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions.

136. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

137. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that

life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

138. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

139. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT TWENTY-SIX**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

140. Paragraphs One (1) through One Hundred Thirty-Nine (139) are hereby incorporated as if fully set forth herein.

141. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT TWENTY-SEVEN**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

142. Paragraphs One (1) through One Hundred Forty-One (141) are hereby incorporated as if fully set forth herein.

143. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST DANIEL BICHELE**

**COUNT TWENTY-EIGHT**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques**
**(Negligence)**

144. Paragraphs One (1) through One Hundred Forty-Three (143) are hereby incorporated as if fully set forth herein.

145. The defendant Daniel Bichele and/or his agents, servants, or employees, owed a legal duty to the Plaintiffs and is liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Ms. Roderiques in one or more of the following respects, in that he or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Negligently activated dangerous pyrotechnic devices in an overcrowded night-club where it could easily ignite toxic flammable sound-proofing insulation on the walls and ceiling;

f) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station; and

g) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics.

146. As a result of the negligence, carelessness and statutory violations of said defendant, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

147. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

148. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

149. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT TWENTY-NINE**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

150. Paragraphs One (1) through One Hundred Forty-Nine (149) are hereby incorporated as if fully set forth herein.

151. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT THIRTY**
**By Linda Roderiques, as Mother and Next Friend of Mandi Roderiques for Loss of Consortium (Negligence)**

152. Paragraphs One (1) through One Hundred Fifty-One (151) are hereby incorporated as if fully set forth herein.

153. As a result of the aforesaid negligence, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST PAUL WOOLNOUGH AND KNIGHT RECORDS, INC.**

**COUNT THIRTY-ONE**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

154. Paragraphs One (1) through One Hundred Fifty-Three (153) are hereby incorporated as if fully set forth herein.

155. The defendants Paul Woolnough and/or Knight Records, Inc. and/or his or their agents, servants, or employees, owed a legal duty and are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Mr. Roderiques in one or more of the following respects, in that he or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Negligently activated dangerous pyrotechnic devices in an overcrowded night-club where it could easily ignite toxic flammable sound-proofing insulation on the walls and ceiling;

f) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station;

g) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions; and

h) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics.

156. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to her untimely death and ultimately she died.

157. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

158. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

159. As a result of her death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT THIRTY-TWO**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

160. Paragraphs One (1) through One Hundred Fifty-Nine (159) are hereby incorporated as if fully set forth herein.

161. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT THIRTY-THREE**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

162. Paragraphs One (1) through One Hundred Sixty-One (161) are hereby incorporated as if fully set forth herein.

163. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the

Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

## CLAIMS AGAINST ANHEUSER-BUSCH COMPANIES, INC.

### COUNT THIRTY-FOUR
**By Linda Roderiques, as Administratrix**
**for the Estate of Donald Roderiques**
**(Negligence)**

164. Paragraphs One (1) through One Hundred Sixty-Three (163) are hereby incorporated as if fully set forth herein.

165. The defendant Anheuser-Busch Companies, Inc. stood to profit, monetarily or through increased brand awareness, from its sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003.

166. The defendant Anheuser-Busch Companies, Inc., by and through its marketing and promotional activities, including distribution of specially-prepared beer and tickets to the Great White concert, caused or contributed to the dangerous overcrowding at The Station on February 20, 2003.

167. The defendant Anheuser-Busch Companies, Inc provided funding for promotions or paid for promotions for the event, thereby inducing patrons to attend the event.

168. The defendant Anheuser-Busch Companies, Inc. and/or its agents, servants, or employees, owed a legal duty to the Plaintiffs and is liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of the plaintiff decedent in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain or require the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Contributed to dangerous overcrowding by and through their promotional activities;

f) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station;

g) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions;

h) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics; and

i) Attached its name to the event, thereby inducing patrons to attend the event because of the credibility given to the event by use of the name Anheuser-Busch.

169. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

170. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

171. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his stability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

172. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT THIRTY-FIVE**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

173. Paragraphs One (1) through One Hundred Seventy-Two (172) are hereby incorporated as if fully set forth herein.

174. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT THIRTY-SIX**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

175. Paragraphs One (1) through One Hundred Seventy-Four (174) are hereby incorporated as if fully set forth herein.

176. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the

Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST McLAUGHLIN & MORAN, INC.**

**COUNT THIRTY-SEVEN**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Negligence)**

177. Paragraphs One (1) through One Hundred Seventy-Six (176) are hereby incorporated as if fully set forth herein.

178. The defendant McLaughlin & Moran, Inc. stood to profit, monetarily or through increased brand awareness, from its sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003.

179. The defendant McLaughlin & Moran, Inc., by and through its marketing and promotional activities, including distribution of specially-prepared beer and promotional tickets to the Great White concert, caused or contributed to the dangerous overcrowding at The Station on February 20, 2003.

180. The defendant, McLaughlin & Moran, Inc provided funding for promotions or paid for promotions for the event, thereby inducing patrons to attend the event.

181. The defendant McLaughlin & Moran, Inc. and/or its agents, servants, or employees, owed a legal duty to the Plaintiffs and is liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Mr. Roderiques in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain or require the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Contributed to dangerous overcrowding by and through their promotional activities;

f) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station;

g) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions;

h) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics; and

i) Attached its name to the event, thereby inducing patrons to attend the event because of the credibility given to the event by use of the name McLaughlin & Moran, Inc and the names Anheuser Busch and "Budweiser".

182. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to her untimely death and ultimately he died.

183. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

184. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old woman, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

185. As a result of his death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**<u>COUNT THIRTY-EIGHT</u>**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

186. Paragraphs One (1) through One Hundred Eighty-Five (185) are hereby incorporated as if fully set forth herein.

187. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**<u>COUNT THIRTY-NINE</u>**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

188. Paragraphs One (1) through One Hundred Eighty-Seven (187) are hereby incorporated as if fully set forth herein.

189. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the

Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

## CLAIMS AGAINST CLEAR CHANNEL COMMUNICATIONS INC. d/b/a WHJY-FM

## COUNT FORTY
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

190. Paragraphs One (1) through One Hundred Eighty-Nine (189) are hereby incorporated as if fully set forth herein.

191. The defendant Clear Channel Communications, Inc., d/b/a WHJY-FM stood to profit, monetarily or through increased brand awareness, from its sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003.

192. The defendant Clear Channel Communications, Inc., d/b/a WHJY-FM by and through their marketing and promotional activities, including distribution of promotional tickets to the Great White concert, caused or contributed to the dangerous overcrowding at The Station on February 20, 2003.

193. The defendant, Clear Channel Communications, Inc., d/b/a WHJY-FM provided funding for promotions or paid for promotions for the event, thereby inducing patrons to attend the event.

194. The defendant Clear Channel Communications, Inc., d/b/a WHJY-FM and/or their agents, servants, or employees, owed a legal duty and are liable and legally responsible for negligence in causing the fire at The Station night-club and the resulting death of Mr. Roderiques in one or more of the following respects, in that they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the night-club;

c) Failed to obtain or require the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Contributed to dangerous overcrowding by and through their promotional activities;

f) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station;

g) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions;

h) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics; and

i) Attached its name to the event, thereby inducing patrons to attend the event because of the credibility given to the event by use of the name Clear Channel Communications, Inc., d/b/a WHJY-FM.

195. As a result of the negligence, carelessness and statutory violations of said defendant, as aforesaid, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

196. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

197. As a further result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed her ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

198. As a result of her death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT FORTY-ONE**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

199. Paragraphs One (1) through One Hundred Ninety-Eight (198) are hereby incorporated as if fully set forth herein.

200. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FORTY-TWO**
**By Linda Roderiques, as Mother**
**and Next Friend to Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

201. Paragraphs One (1) through Two Hundred (200) are hereby incorporated as if fully set forth herein.

202. As a result of the negligence, carelessness, and statutory violations of the defendant, as aforesaid, the Plaintiffs, Linda Roderiques, Mandi Roderiques, a minor, child of Plaintiff

Decedent, were and will be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

## CLAIMS AGAINST LUNA TECH, INC AND LUNA TECH PYROTECHNIC, GMBH

### COUNT FORTY-THREE
**By Linda Roderiques, as Administratrix of the Estate of Donald Rodriques (Negligence)**

203. Paragraphs One (1) through Two Hundred Two (202) are hereby incorporated as if fully set forth herein.

204. The defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH, and/or their agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence which was a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that they:

a) Placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the devices were highly flammable and could not be safely used by bands in night-clubs;

b) Sold said devices to bands and represented that said devices were safe for their intended uses;

c) Failed to provide proper and appropriate warnings to product users;

d) Failed to properly design, manufacture, assemble, test, label, and market the devices;

e) Failed to warn that pyrotechnics could not be safely used in night-clubs or similar spaces where flammable foam insulation or other unsuitable construction material was installed;

f) Said substance was defective and unreasonably dangerous and could not be used without unreasonable risk of injury to the decedent;

g) The warnings and instructions which, were given were inadequate and failed to provide sufficient notice to the decedent of the dangerous propensities of said product;

h) The Defendants misrepresented to the decedent and the general public that the substance in question was safe for use by the public;

i) The Defendants failed to disclose to the decedent and the general public the dangerous propensities of said substance;

j) The Defendants were negligent in that they failed to properly and adequately test said product prior to marketing it in that they designed said product in a defective manner;

k) The Defendants were negligent in that they knew or should have known of the dangerous characteristics of said product, yet continued to manufacture and distribute said product;

l) The Defendants were negligent in that they used improper materials in the construction of said product; and

m) The Defendants knew or should have known of the dangerous characteristics of said products, and yet decided to market and continued to market it.

205. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

206. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

207. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

208. As a result of her death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT FORTY-FOUR**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

209. Paragraphs One (1) through Two Hundred Eight (208) are hereby incorporated as if fully set forth herein.

210. As a result of the manufacturing of pyrotechnics, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FORTY-FIVE**
**By Linda Roderiques, as Mother**
**and Next Friend of Mandi Roderiques, minor**
**for Loss of Parental Consortium**
**(Negligence)**

211. Paragraphs One (1) through Two Hundred Ten (210) are hereby incorporated as if fully set forth herein.

212. As a result of the manufacturing of pyrotechnic, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FORTY-SIX**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Strict Products Liability)**

213. Paragraphs One (1) through Two Hundred Twelve (212) are hereby incorporated as if fully set forth herein.

214. The aforesaid product was not altered or modified in any way by the users or any third party from the condition in which it was manufactured and sold.

215. At all times relevant herein, said substance was expected to and did reach the users without substantial change in condition in which it was sold or manufactured.

216. The defendants, Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH is a product seller.

217. The defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH, and/or their agents, servants, or employees, are strictly liable and legally responsible for the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that they:

a) Placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the devices were highly flammable and could not be safely used by bands in night-clubs;

b) Sold said devices to bands and represented that said devices were safe for their intended uses;

c) Failed to provide proper and appropriate warnings to product users;

d) Failed to properly design, manufacture, assemble, test, label, and market the devices;

e) Failed to warn that pyrotechnics could not be safely used in night-clubs or similar spaces where flammable foam insulation was installed;

f) Said substance was defective and unreasonably dangerous and could not be used without unreasonable risk of injury to the decedent;

g) The warnings and instructions which were given were inadequate and failed to provide sufficient notice to the decedent of the dangerous propensities of said product;

h) The Defendants misrepresented to the decedent and the general public that the substance in question was safe for use by the public;

i) The Defendants failed to disclose to the decedent and the general public the dangerous propensities of said substance;

j) The Defendants were negligent in that they failed to properly and adequately test said product prior to marketing it in that they designed said product in a defective manner;

k) The Defendants were negligent in that they knew or should have known of the dangerous characteristics of said product, yet continued to manufacture and distribute said product;

l) The Defendants were negligent in that they used improper materials in the construction of said product;

m) The Defendants knew or should have known of the dangerous characteristics of said product, and yet decided to market and continued to market it;

n) The Defendants breached an implied warranty of merchantability in that said substance was not of merchantable quality and fit for its intended purpose; and

o) The Defendants breached their express warranties that said product was safe and effective for its intended use.

218. As a direct and proximate result thereof, the plaintiff's decedent suffered excruciating and continual mental and physical pain and distress prior to her untimely death and ultimately he died.

219. As a further direct and proximate result thereof, the plaintiff's decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the

enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

220. As a further direct and proximate result thereof, the death of the plaintiff decedent, who was a forty-seven (47) year-old man, destroyed her ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

221. As a result of her death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT FORTY-SEVEN**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Strict Products Liability)**

222. Paragraphs One (1) through Two Hundred Twenty-One (221) are hereby incorporated as if fully set forth herein.

223. As a result of the use of the pyrotechnics as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FORTY-EIGHT**
**By Linda Roderiques, as Mother**
**and Next Friend to Mandi Roderiques, minor**
**for Loss of Parental Consortium**
**(Strict Products Liability)**

224. Paragraphs One (1) through Two Hundred Twenty-Three (223) are hereby incorporated as if fully set forth herein.

225. As a result of the use of the pyrotechnic devices, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will

in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, AND DERCO, LLC D/B/A THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHIELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER- BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL COMMUNICATIONS, INC., D/B/A WHJY-FM; MOTIVA ENTERPRISES, LLC AND SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

**COUNT FORTY-NINE**
**By Linda Roderiques, as Administratrix**
**of the Estate of Donald Roderiques**
**(Negligence)**

226. Paragraphs One (1) through Two Hundred Twenty-Five (225) are hereby incorporated as if fully set forth herein.

227. Prior to the Great White concert that occurred on February 20, 2003, the defendants Jeffrey Derderian, Michael Derderian, and DERCO LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Bichiele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch Companies, Inc., McLaughlin & Moran, Inc., WHJY-FM, Clear Channel Communications, Inc., Motiva Enterprises, LLC and Shell Oil Company and The Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens, entered into an express or implied agreement for the common purpose and design of planning, endorsing, sponsoring, promoting, and/or advertising the concert.

228. The defendants joined and participated in this joint venture for the purpose of pursuing their common business interests and for economic gain.

229. Each of the participating defendants had a right to voice concerns regarding the event and each controlled certain aspects of the planning, endorsement, sponsorship, promotion, and/or advertising relating to the Great White concert, including but not limited to the selection and inspection of the venue, The Station.

230. The defendants, and/or their agents, servants, employees and/or contractors acting within the course and scope of their employment or agency, owed a legal duty to the Plaintiffs and are liable and legally responsible for the injuries, damages, and deaths resulting from negligent, careless and/or reckless acts or omissions in planning, endorsing, sponsoring, promoting and/or advertising the Great White concert that occurred on February 20, 2003, in one or more of the following respects:

a) Failed to properly manage, control, supervise and/or inspect The Station night-club prior to and during the Great White concert;

b) Installed or permitted to be installed highly flammable and toxic foam material around the stage of the night-club and failed to ensure that the sound-proofing material was fire resistant, in violation of R.I. Gen. Laws Section 23.28.6-15;

c) Failed to obtain the necessary permits for the use of pyrotechnics at the night-club in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the night-club by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Failed to inspect proper emergency lighting and exit signs that were operable in the event of fire or power outage, in violation of R.I. Gen. Laws Section 23-28.6-13;

f) Failed to adequately inspect The Station for safety hazards, or negligently performed same;

g) Failed to inspect for sprinklers or other fire prevention equipment and apparatus at The Station;

h) Failed to provide adequate exits and failed to inform patrons of The Station of the location of fire exits or require personnel present to do so;

i) Allowed unsafe numbers of persons on the premises during the Great White performance;

j) Allowed The Station to become overcrowded with patrons during performances;

k) Caused or allowed the parking of vehicles in an area around The Station structure so as to impede safe egress in the event of a fire;

l) Caused or allowed uneven floor surfaces in The Station which constituted a tripping hazard;

m) Knew or should have known of the dangerous conditions at The Station and failed to remedy those conditions;

n) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station; and

o) Were otherwise negligent in their selection and/or inspection of the venue for the Great White concert, The Station.

231. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the Plaintiff's Decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

232. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the Plaintiff's Decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

233. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the Plaintiff Decedent, who was a forty - seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

234. As a result of her death, the Estate of Donald Roderiques has incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

**COUNT FIFTY**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

235. Paragraphs One (1) through Two Hundred Thirty-Four (234) are hereby incorporated as if fully set forth herein.

236. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FIFTY-ONE**
**By Linda Roderiques, as Mother**
**and Next Friend to Mandi Roderiques, minor**
**for Loss of Consortium**
**(Negligence)**

237. Paragraphs One (1) through Two Hundred Thirty-Six (136) are hereby incorporated as if fully set forth herein.

238. As a result of the use of the pyrotechnic devices, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will

in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

## CLAIMS AGAINST SHELL OIL CORPORATION AND MOTIVA ENTERPRISES, LLC

### COUNT FIFTY-TWO
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

239. Paragraphs One (1) through Two Hundred Thirty-Eight (238) are hereby incorporated as if fully set forth herein.

240. Upon information and belief, the defendant, Shell Oil Company, d/b/a Motiva Enterprises, LLC, was the owner/lessor of certain property located at 7380 Post Road, North Kingstown, Rhode Island.

241. Upon information and belief, defendant DERCO LLC was the manager and lessee of the aforesaid property owned by, the defendant, Shell Oil Company, d/b/a Motiva Enterprises, LLC.

242. Upon information and belief, the defendant Shell Oil Company dominated, controlled and/or managed the practices, policies and finances of Motiva, LLC and the gas station operation at the 7380 Post Road facility, including but not limited to exercising joint control over the management, inventory, marketing, promotions, and pricing policies.

243. The defendants Shell Oil Company and Motiva Enterprises, LLC owed a legal duty to patrons of The Station because they engaged in the promotion of the Great White performance at The Station by distributing certain tickets in return for certain purchases of its merchandise, which promotion was expressly or impliedly approved by Shell Oil Company

and its subsidiary Motiva Enterprises, LLC in negligent disregard for the safety of the anticipated patrons at the performance.

244. The defendants Shell Oil Company and Motiva Enterprises, LLC endorsed, sponsored, promoted, and/or advertised the Great White concert and stood to profit monetarily these activities and marketing efforts.

245. Upon information and belief, the defendants Shell Oil Company and Motiva Enterprises, LLC expressly and/or impliedly represented and warranted to the public through its marketing, promotional activities and ticket sales that the venue selected for the show was reasonably safe and would not subject patrons to an unreasonable risk of serious injury or death.

246. The defendants, Shell Oil Company and Motiva Enterprises, LLC, knew or should have known that, if the venue for the performance did not have adequate fire protection and suppression equipment, that patrons would be subjected to a foreseeable, unreasonable risk of injury or even death.

247. The defendants, Shell Oil Company and Motiva Enterprises, LLC, knew or should have known that members of the public, including the Plaintiff's Decedent, were relying on it to exercise proper care, skill and diligence in the review and selection of a safe venue for concerts for which it sold tickets.

248. The defendants Shell Oil Company and Motiva Enterprises, LLC were negligent and careless in the manner in which they engaged in the promotion of the aforesaid performance, which negligence and carelessness caused the injuries and damages as hereinafter set forth.

249. The defendants Shell Oil Company and Motiva Enterprises, LLC through its agents, servants, employees or contractors acting within the course and scope of their employment or agency, owed a legal duty to the Plaintiff and is liable and legally responsible for negligence in causing the death of the Plaintiff's Decedent in one or more of the following respects, in that it or they:

a) Failed to properly manage, control, supervise and/or prevent the use or installation of pyrotechnics at The Station night-club prior to and during the Great White concert;

b) Installed or allowed to be installed dangerous pyrotechnic devices around the stage of the nightclub;

c) Failed to obtain or require the necessary permits for the use of pyrotechnics at the nightclub in violation of R.I. Gen. Laws Section 23.28-11.3;

d) Allowed the use of pyrotechnics at the nightclub by persons without the proper permits, in violation of R.I. Gen. Laws Section 23.28-11.3;

e) Contributed to dangerous overcrowding by and through their promotional activities;

f) Failed to properly and adequately review, inspect and approve The Station as a safe venue for members of the public;

g) Failed to protect the decedent and other members of the public from the foreseeable risk of serious injury or death at The Station;

h) Knew or in the exercise of reasonable care should have known of the dangerous propensities of pyrotechnics, and yet failed to take reasonable and necessary precautions;

i) Failed to properly inspect The Station night-club to determine its suitability for use of pyrotechnics; and

j) Attached its name to the event, thereby inducing patrons to attend the event because of the credibility given to the event by use of the name Shell Oil.

250. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the Plaintiff's Decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

251. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the Plaintiff's Decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

252. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the Plaintiff's Decedent, who was a forty seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

253. As a result of her death, the Estate of Donald Roderiques incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

## COUNT FIFTY-THREE
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

254. Paragraphs One (1) through Two Hundred Fifty-Three (253) are hereby incorporated as if fully set forth herein.

255. As a result of the aforesaid negligence, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FIFTY-FOUR**
**By Linda Roderiques, as Mother and Next Friend to Mandi Roderiques, minor for Loss of Consortium (Negligence)**

256. Paragraphs One (1) through Two Hundred Fifty-Six (256) are hereby incorporated as if fully set forth herein.

257. As a result of the negligence and carelessness of the defendants Shell Oil Company and Motive Enterprises, LLC, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST TOWN OF WEST WARWICK AND FIRE INSPECTOR, DENNIS LAROCQUE**

**COUNT FIFTY-FIVE**
**By Linda Roderiques, as Administratrix to the Estate of Donald Roderiques**

258. Paragraphs One (1) through Two Hundred Fifty-Seven (257) are hereby incorporated as if fully set forth herein.

259. The Town of West Warwick and its Fire Inspector, Dennis Larocque, are responsible for the inspection of commercial facilities in the Town of West Warwick and enforcement of the building and fire code laws of the State of Rhode Island.

260. This Honorable Court has jurisdiction over the Town of West Warwick and its agents including the Fire Inspector, Dennis Larocque, by virtue of advertising by the State of Rhode Island in the State of Massachusetts, which seeks to induce Massachusetts residents to visit

the State of Rhode Island, support its tourism industry, and patronize its businesses. Furthermore, Section 45-15-1 of the General Laws of Rhode Island provides that the Town may sue and be sued "in any court and elsewhere." Upon information and belief, jurisdiction is further established by virtue of the Town of West Warwick's contracting and/or employing residents and businesses from the State of Massachusetts. Moreover, the Town of West Warwick has sought the aid of residents of Massachusetts in investigating the tragic fire, which is the subject of this Complaint, and may have sought such assistance on occasions in the past.

261. The Town of West Warwick and Fire Inspector, Dennis Larocque, owed a legal duty to the public in general and the patrons of The Station in particular to exercise reasonable care and due diligence by properly inspecting commercial properties in the Town of West Warwick.

262. The Town of West Warwick and Fire Inspector, Dennis Larocque, were negligent and careless in failing to properly inspect the Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages as hereinafter set forth.

263. The Town is liable for the negligence of its agents, servants, and employees, and owed a special duty to each Plaintiff.

264. The Town of West Warwick and Fire Inspector, Dennis Larocque, through its agents, servants, and employees were negligent and careless in one or more of the following ways, in that they:

a) Failed to enforce the building code and fire safety laws of the State of Rhode Island;

b) Failed to adequately inspect The Station;

c) Failed to conduct regular inspections of The Station;

d) Failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;

e) Failed to properly train personnel in fire safety laws, regulations and standards;

f) Failed to require sprinkler systems or other fire prevention devices at The Station;

g) Failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;

h) Failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;

i) Knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;

j) Failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than seventy-five (75) people, was free from combustible debris; and

k) Failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

265. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the Plaintiff's Decedent suffered excruciating and continual mental and physical pain and distress prior to his untimely death and ultimately he died.

266. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the Plaintiff's Decedent will forever be prohibited from participating in all that

life has to offer and has suffered a loss of the enjoyment of life's pleasures, which he would have otherwise been able to enjoy and in which he would have participated.

267. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the Plaintiff's Decedent, who was a forty seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

268. As a result of her death, the Estate of Donald Roderiques, incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

269. The Fire Inspector, Dennis Larocque, is entitled to indemnity by the Town of West Warwick, pursuant to Section 45-15-16 of the Rhode Island General Laws.

270. Pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiffs have provided the Town of West Warwick with a valid Notice of Presentment of Claim, and more than forty (40) days have passed since said notice was provided.

**COUNT FIFTY-SIX**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

271. Paragraphs One (1) through Two Hundred Seventy (270) are hereby incorporated as if fully set forth herein.

272. As a result of the use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT FIFTY-SEVEN**
**By Linda Roderiques, as Mother and Next of Friend to Mandi Roderiques for Loss of Parental Consortium (Negligence)**

273. Paragraphs One (1) through Two Hundred Seventy-Two (272) are hereby incorporated as if fully set forth herein.

274. As a result of the negligence and carelessness of defendants Town of West Warwick and Fire Inspector, Dennis Larocque, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**CLAIMS AGAINST STATE OF RHODE ISLAND AND IRVING J. OWENS, AS FIRE MARSHAL**

**COUNT FIFTY-EIGHT**
**By Linda Roderiques, as Administratrix of the Estate of Donald Roderiques (Negligence)**

275. Paragraphs One (1) through Two Hundred Seventy-Four (274) are hereby incorporated as if fully set forth herein.

276. The State of Rhode Island and its Fire Marshal, Irving J. Owens, are responsible for the inspection of commercial facilities in the Town of West Warwick and enforcement of the building and fire code laws of the State of Rhode Island.

277. This Honorable Court has jurisdiction over the State of Rhode Island and its agents including the Fire Inspector, Irving J. Owens, by virtue of advertising by the State of Rhode Island in the State of Massachusetts, which seeks to induce Massachusetts residents to visit the State

of Rhode Island, support its tourism industry, and patronize its businesses. Furthermore, Section 45-15-1 of the General Laws of Rhode Island provides that a town in Rhode Island may sue and be sued "in any court and elsewhere," and Section 9-31-1 provides the State of Rhode Island shall be liable in all actions of tort in the same manner as a private individual, thereby allowing that the State may also be sued in any court and elsewhere if minimum contacts with the forum state have been established. Upon information and belief, jurisdiction is further established by virtue of the State of Rhode Island contracting and/or employing residents and businesses from the State of Massachusetts. Moreover, the State of Rhode Island has sought the aid of residents and public officials of Massachusetts in investigating the tragic fire, which is the subject of this Complaint, and may have sought such assistance on occasions in the past.

278. Pursuant to Section 23-28.2-4 of the Rhode Island General Laws, the State of Rhode Island and Fire Marshal, Irving J. Owens, owed a legal duty to the public in general and the patrons of The Station in particular to exercise reasonable care and due diligence by properly inspecting or causing proper inspections commercial properties in the Town of West Warwick, and to enforce and perform the duties required by the Fire Safety Code.

279. The State and Fire Marshal were negligent and careless in failing to properly inspect the Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages as hereinafter set forth.

280. The State and Fire Marshal are liable for the negligence of its agents, servants, and employees, and owed a special duty to each Plaintiff.

281. The State and Fire Marshal, through their agents, servants, and employees were negligent and careless in one or more of the following ways, in that they:

a) Failed to enforce the building code and fire safety laws of the State of Rhode Island Island;

b) Failed to adequately inspect The Station;

c) Failed to conduct regular inspections of The Station;

d) Failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;

e) Failed to properly train personnel in fire safety laws, regulations and standards;

f) Failed to require sprinkler systems or other fire prevention devices at The Station;

g) Failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;

h) Failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;

i) Knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;

j) Failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than seventy-five (75) people, was free from combustible debris; and

k) Failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

282. As a result of the negligence, carelessness and statutory violations of said defendants, as aforesaid, the Plaintiff's Decedent suffered excruciating and continual mental and physical pain and distress prior to he untimely death and ultimately he died.

283. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the Plaintiff's Decedent will forever be prohibited from participating in all that life has to offer and has suffered a loss of the enjoyment of life's pleasures, which she would have otherwise been able to enjoy and in which he would have participated.

284. As a further result of the negligence, carelessness, and statutory violations of the defendants, as aforesaid, the death of the Plaintiff's Decedent, who was a forty seven (47) year-old man, destroyed his ability to earn income and enjoy his family and friends, resulting in substantial loss and damage to his estate.

285. As a result of his death, the Estate of Donald R. Rodriques, incurred medical and funeral and burial expenses, as well as the cost of administering his estate.

286. The Fire Marshal, Irving J. Owens, is entitled to indemnity by the Town of West Warwick pursuant to Section 23-28.2-17 of the Rhode Island General Laws.

287. Pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiffs have provided the Town of West Warwick with a valid Notice of Presentment of Claim, and more than forty (40) days have passed since said notice was provided.

**COUNT FIFTY-NINE**
**By Linda Roderiques, Individually**
**for Loss of Consortium**
**(Negligence)**

288. Paragraphs One (1) through Two Hundred Eighty-Seven (287) are hereby incorporated as if fully set forth herein.

289. As a result of the use of the foam as aforesaid, the Plaintiff, Linda Roderiques, wife of the Plaintiff Decedent, was and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**COUNT SIXTY**
**By Linda Roderiques, as Mother**
**and Next Friend to Mandi Roderiques, minor**
**for Loss of Parental Consortium**
**(Negligence)**

290. Paragraphs One (1) through Two Hundred Eighty-Nine (289) are hereby incorporated as if fully set forth herein.

291. As a result of the negligence and carelessness of defendants Town of West Warwick and Fire Inspector, Dennis Larocque, as aforesaid, the Plaintiffs, Linda Roderiques, and Mandi Roderiques, a minor, child of the Plaintiff Decedent, were and will in the future be deprived of the financial support, services, care, society, affection, companionship and consortium of the Plaintiff Decedent.

**WHEREFORE,** the Plaintiffs respectfully pray for:

1. Compensatory damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS;
2. Punitive damages including attorneys' fees;
3. Costs; and
4. Such other relief as this Court deems just and equitable.

## JURY DEMAND

The plaintiffs demand a jury trial on all issues triable at law.

Dated this 8th day of August, 2003.

**Plaintiffs**
By their Attorneys,
**BRIAN CUNHA & ASSOCIATES, P.C.**

Brian R. Cunha, Esquire #108560
Karen A. Alegria, Esquire #563993
311 Pine Street
Fall River, MA 02720
Telephone: (508) 675-9500
Fax: (508) 679-6360

A1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

State of Rhode Island and Irving J. Owens
c/o James R. Lee, Esquire
Department of the Attorney General
150 South Main Street
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED

2

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: STATE OF RI + IRVING OWENS

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): ATTORNEY GENERAL
Richard B. Woolley
Sp Asst AG 11-13-03

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40 00 | 40 00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
Date

[signature] Joseph Keating
Signature of Server

Address of Server

JOSEPH KEATING
41 N. ELMORE AVE
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Town of West Warwick
c/o Marc DeSisto, Esquire
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

8-11-03
DATE

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BY DEPUTY CLERK

DOCKETED (3)

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: TOWN OF W. WARWICK

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): A F J MARC DE SISTO

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.80 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

[signature]
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Dennis Larocque, Fire Inspector
c/o marc DeSisto, Esquire
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ

BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ

30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED
4

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: DENNIS LAROCQUE

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AES MARC DESISTO

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

Joseph Keating
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)
Clear Channel ~~Communications,~~ BROADCASTING Inc.
c/o Registered/Resident Agent
CT Corporation Systems
10 Weybosset Street
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8-1-03

BY DEPUTY CLERK

DOCKETED

(5)

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: CLEAR CHANNEL COMM.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AFS C.T. CORP

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-14-03
*Date*

Joseph Keating
*Signature of Server*

*Address of Server*
JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

03 11497 MEL

TO: (Name and Address of Defendant)

McLaughlin & Moran, Inc.
c/o Howard A. Merten, Esquire
VETTER & WHITE
20 Washington Place
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED

6

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: MC LAUGHLIN & MORAN

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): A.E.S. HOWARD MERTEN

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40-00 | |

## DECLARATION OF SERVER

*I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Anheuser-Busch ~~Companies~~, Inc.
1 Busch Place
St. Louis, MO

c/o CT Corporation System
10 Weybosset St.
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED

(7)

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ANHEUSER-BUSCH CO

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AES C.T. CORP

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 40.00 | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

Joseph Keating
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Daniel Bichiele
c/o James H. Reilly, Esquire
KELLY, KELLEHER, REILLY & SIMPSON
146 Westminster Street, Suite 500
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT

TONY ANASTAS
CLERK

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED

8

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: DANIEL BICHIELE

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): AFS JAMES REILLY
Donald J. Murray

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server* Joseph Keating

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER:
03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Eric Powers
c/o Randell L. Souza, Esq.
Nixon & Peobody, Ltd.
One Citizens Plaza, Suite 700
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8/11/03

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

DOCKETED

9

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ERIC POWERS

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AFS RANDALL SOUZA Richard J. Jr. (#552216)

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*
JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

David Felice
c/o RAndell L. Souza, Esq.
Nixon & Peobody
One Citizens Plaza, Suite, 700
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT — DISTRICT OF MASSACHUSETTS

8-11-03
DATE

[signature]
BY DEPUTY CLERK

DOCKETED 10

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

JOSEPH KEATING FEDERAL PROCESS SERVER

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: DAVID FELICO

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ________

☐ Returned unexecuted: ________

☐ Other (specify): AFS RANDALL SOUZA (#55221 6)

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Mark Kendall
c/o Randell L. Souza, Ltd.
Nixon & Peobody, Ltd.
One Citizens Plaza, Suite 700
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

8/11/03
DATE

BY DEPUTY CLERK

DOCKETED
11

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: MARK KENDALL

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AFS RANDALL SOUZA (#552216)

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Feder[al R]ules of Civil Procedure.

AO 440 (Rev. 5/85) Summons in a Civil Action

A1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Jack Russell
c/o Randall L. Souza, Esquire
NIXON & PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ____________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED
12

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: JACK RUSSELL

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AF3 RANDALL SOUZA (#552216)

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

DERCO, d/b/a The Station
c/o Anthony F. DeMarco, Esquire
REYNOLDS, DeMARCO & BOLAND, Ltd.
170 Westerminster Street, Suite 200
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

DOCKETED 13

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: DERCO D/B/A THE STATION

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): AES ANTHONY DE MARCO

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE 02911

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Michael Derderian
c/o Anthony F. DeMarco, Esquire
REYNOLDS, DeMARCO & BOLAND, Ltd.
170 Westerminster Street, Suite 200
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ

BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ

30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED (14)

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: MICHAEL DERDERIAN

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AES ANTHONY DEMARCO

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Fede ules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

Jeffrey Derderian
c/o Anthony F. DeMarco, Esquire
REYNOLDS, DeMARCO & BOLAND, Ltd.
170 Westerminster Street, Suite 200
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED 15

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: JEFFREY DERDERIAN

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AES ANTHONY DE MARCO

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

% DONALD MARONDT
146 WESTMINSTER ST
PROV RI

TO: (Name and Address of Defendant)

Triton Realty Limited Partnership co/ ~~Raymond J.Villanova~~
~~1545 Bald Hill Road~~ ~~1545 Bald Hill Road~~
~~Warwick, RI 02886~~ ~~Warwick, RI 02886~~
RESERVOIR AVE
CRANSTON RI

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED

16

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER JOSEPH KEATING FEDERAL PROCESS SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: TRITON REALTY

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

DONALD MARONEY

☐ Other (specify): AFS ~~RAYMOND VILLANOVA~~

Donald J. Maroney

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

Joseph Keating
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

American Foam Corporation
c/o Thomas C. Angelone, Esquire
One Turks Head Place
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ____________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED
17

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: AMERICAN FCAM

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AFS THOMAS ANGELONE
Mary V. Conlon

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

Joseph Keating
*Signature of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:
03 11497 MEL

TO: (Name and Address of Defendant)

Motiva Enterprises
c/o CT Corporation System
10 Weybosset St.
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED
18

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: MOTIVA ENTERPRISES

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AES C. T CORP

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 40-00 | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

Joseph Keating
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

03 11497 MEL

TO: (Name and Address of Defendant)

Shell Oil Co.
c/o Corporation Service Co.
170 Westminister St.
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8/11/03

BY DEPUTY CLERK

19

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: SHELL OIL CO

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): AES CORPORATION SERVICE

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

[signature]
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

[1] ...ho may serve a summons see Rule 4 of the Fede... ules of Civil Procedure.

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

WHJY-FM
c/o Registered/Resident Agent
Prentice-Hall Courporation System
170 Westminster Street, Suite 900
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

DOCKETED
20

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-13-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: WHJY-FM

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify): AFS PRENTKE HALL

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-13-03
*Date*

[signature]
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 458 (Rev. 5/85) Appearance

# United States District Court

DISTRICT OF
MASSACHUSETTS

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODRIQUES, ET AL

vs.

JEFFREY DERDERIAN; MICHAEL DERDERIAN; DERCO, LLC; ET AL

## APPEARANCE

CASE NUMBER: 03-11497 MEL

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for defendants, **MICHAEL DERDERIAN, JEFFREY DERDERIAN, AND DERCO, D/B/A THE STATION.**

11/18/03
Date

Mark T. Reynolds
Signature

Mark T. Reynolds, Esquire BBO# 642037
Print Name
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Address

Providence, RI 02903
City State Zip Code

(401) 861-5522
Phone Number

cc: Brian R. Cunha, Esq.

(21)

AO 440 (Rev. 5/85) Summons in a Civil Action #1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Barry H. Warner
5 Kulas Road
West Warick, RI 02893

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

DATE 8-11-03

BY DEPUTY CLERK

22

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-15-03 |
|---|---|
| NAME OF SERVER | TITLE JOSEPH KEATING FEDERAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: BARRY WARNER

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-15-03
*Date*

[signature]
*Signature of Server*

*Address of Server*

JOSEPH KEATING
41 N. ELMORE AVE.
N. PROVIDENCE, RI 02911

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

A1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA RODERIQUES, as Administratrix Of the Estate of DONALD RODERIQUES; LINDA RODERIQUES, Individually; LINDA RODERIQUES; As Mother and Next Friend to MANDI RODERIQUES, Minor, Plaintiffs | : |
| Vs. | :C.A. No. 03-11497 MEL |
| AMERICAN FOAM CORPORATION; FOAMEX INTERNATIONAL; BARRY H. WARNER; TRITON REALTY LIMITED PARTNERSHIP; JEFFREY DERDERIAN; MICHAEL DERDERIAN; DERCO, LLC; MANIC MUSIC MANAGEMENT, INC.; JACK RUSSELL MARK KENDALL; DAVID FILICE; ERIC POWERS; DANIEL BICHELE; PAUL WOOLNOUGH; KNIGHT RECORDS, INC.; ANHEUSER-BUSH COMPANIES, INC.; MCLAUGHLIN & MORAN, INC.; LUNA TECH, INC.; LUNA TECH PYROTECHNIC GMBH; CLEAR CHANNEL COMMUNICATIONS INC. d/b/a WHJY-FM; MOTIVA ENTERPRISES, LLC; SHELL OIL COMPANY TOWN OF WEST WARWICK; DENNIS LAROCQUE, STATE OF RHODE ISLAND and IRVING J. OWENS | : |

**STIPULATION**

This action arises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that McLaughlin & Moran, Inc. has an additional ninety (90) days, up to and including February 12, 2004, to answer or otherwise respond to the complaint.

23

Plaintiffs,
By Their Attorney,

Brian R. Cunha, Esquire (BBO 108560)
Karen A. Alegria, Esquire (BBO 563993)
BRIAN CUNHA & ASSOC.
311 Pine Street
Fall River, MA 02720
Telephone No. 508-675-9500
Facsimile No. 508-679-6360

Defendant,
McLaughlin & Moran, Inc.
By its attorney,

Eric Sommers, Esquire (BBO 649611)
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

DATED: NOVEMBER 26, 2003

So ordered
USDJ
12/3/03

DOCKETED

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

v.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

RECEIVED
NOV 18 2003
DELAWARE COUNTY
SHERIFF GEORGE [illegible]

TO: (Name and Address of Defendant)

Luna Tech Pyrotechnic GMBH
c/o John Brook
122 East Gilbert
Munice, IN 47305

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

(24)

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

8/11/03
DATE

[signature]
BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11-18-03 |
|---|---|
| NAME OF SERVER Beth Studebaker | TITLE Police Officer |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: John Brooks Receptionist

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ____________

☐ Returned unexecuted: ____________

☐ Other (specify): ____________

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-18-03
*Date*

[signature]
*Signature of Server*

100 W Washington
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal R[ules] of Civil Procedure.

AO 440 (Rev. 5/85) Summons in a Civil Action

M

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

## SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER: 03 11497 MEL

AMERICAN FOAMCORPORATION,
RT AL

TO: (Name and Address of Defendant)

General Foam Corporation
c/o Corporation Service Co.
2704 Commerce Drive
Harrisburg, PA 17110

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ

BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ

30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

25

TONY ANASTAS

CLERK

8/11/03

DATE

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BY DEPUTY CLERK

# Office of the Sheriff

Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

J. Daniel Basile
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania 17101
ph: (717) 255-2660 fax: (717) 255-2889

Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania** : RODERIQUES LINDA ET AL

vs

**County of Dauphin** : GENERAL FOAM CORPORATION

Sheriff's Return

No. 3014-T - - -2003

OTHER COUNTY NO. 03 11497 MEL

AND NOW: November 20, 2003 at 8:30AM served the within

SUMMONS IN CIVIL ACTION upon

GENERAL FOAM CORPORATION
C/O CORPORATION SERVICE COMPANY
to WENDY SMITH (CSA)

by personally handing 1 true attested copy(ies)

of the original SUMMONS IN CIVIL ACTION and making known

to him/her the contents thereof at 2704 COMMERCE DRIVE
SUITE B
HARRISBURG, PA 17110-0000

Sworn and subscribed to
before me this 20TH day of NOVEMBER, 2003

Stephen C. Farina

PROTHONOTARY

So Answers,

J R Lotwick

Sheriff of Dauphin County, Pa.

By ______________________
Deputy Sheriff

Sheriff's Costs: $29.25 PD 11/20/2003
RCPT NO 185069
E TORO

A1

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINDA RODERIQUES, et al., Plaintiffs, | : | |
| v. | : | C.A. NO. 03-CV-11497-MEL |
| AMERICAN FOAM COPORATION, et al., Defendants. | : | |

**STIPULATION FOR ENLARGEMENT OF TIME**

The Plaintiffs, by and through their counsel, and Defendants Mark Kendall, David Filice, Eric Powers and Jack Russell (collectively, the "Surviving Band Members"), by and through their counsel, hereby stipulate and agree that the Surviving Band Members shall have an enlargement of time up to and including January 20, 2004 to answer or otherwise respond to the Plaintiffs' Complaint.

AGREED TO:

LINDA RODERIQUES, et al.

By their Attorneys,

Brian R. Cunha (#108560 )
BRIAN R. CUNHA & ASSOCIATES
311 Pine Street
Fall River, MA 02720
(508) 675-9500
(508) 679-6360) (Fax)

Dated: November 25, 2003

AGREED TO:

MARK KENDALL, DAVID FILICE,
ERIC POWERS and JACK RUSSELL

By their Attorneys,

Fred A. Kelly, Jr. (by RLSouza)

Randall L. Souza (#552216)
Fred A. Kelly, Jr. (#544046)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

26

Dated: November 28, 2003

DOCKETED

So ordered Morris E. Lasker USDJ 12/8/03

P107695.1

FILED
IN CLERKS OFFICE
2003 DEC -5 A 11: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKETED

LINDA RODERIQUES, ET AL.

VS. C.A. No. 03-11497 MEL

AMERICAN FOAM CORPORATION, ET AL.

**STIPULATION**

This action rises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that Anheuser-Busch, Inc. has up to and including February 23, 2004, to answer or otherwise respond to the Complaint.

So ordered ~~Anton Stewart~~ Morris Lasker
USDJ
12/10/03

DOCKETED
27

LINDA RODERIQUES, as Administratrix of the ESTATE OF DONALD RODERIQUES, LINDA RODERIQUES, Individually, LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, minor,

By their Attorneys,

Karen A. Alegria (by ker)

Brian R. Cunha BBO#108560
Karen A. Alegria BBO#563993
311 Pine Street
Fall River, MA 02720
Telephone: (508) 675-9500
Facsimile: (508) 679-6360

Dated:

ANHEUSER-BUSCH, INC.,

By their Attorneys,

Kristin E. Rodgers

Kristin E. Rodgers BBO#565598
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

**CERTIFICATION**

I hereby certify that on the 3rd day of December, 2003, I served a true copy of the within Stipulation, via first class mail, postage prepaid to the following counsel who have entered appearances in related matters:

Anthony F. DeMarco, Esq.
Reynolds Demarco & Boland
170 Westminster Street, Suite 200
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street, P.O. Box 2563
Providence, RI 02903-2563

Howard A. Merten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Thomas C. Angelone, Esq.
Hodosh Spinella & Angelone
One Turks Head Place
Providence, RI 02903

Fred A. Kelly, Jr., Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

James R. Lee, Esq.
Department of Attorney General
150 South Main Street
Providence, RI 02903

William P. Robinson, III, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA 19103-7301

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

James T. Murphy, Esq.
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903

Scott J. Tucker, Esq.
Tucket Heifetz & Saltzman LLP
Three School Street
Boston, MA 02108

Faith LaSalle, Esq.
Zizik Lasalle & Powers, PC
40 Westminster Avenue
Providence, RI 02903

Cynthia Dragon

# BLISH & CAVANAGH LLP

COUNSELLORS AT LAW

FILED
IN CLERKS OFFICE

2003 DEC -5 A 11:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

December 3, 2003

Joseph V. Cavanagh, Jr.
William R. Landry
Edmund L. Alves, Jr.
Stephen J. Reid, Jr.
Karen A. Pelczarski
Scott T. Spear
Kristin E. Rodgers

Staci L. Kolb
Christopher M. Rawson
Thomas E. Romano

John H. Blish
Of Counsel

Clerk's Office
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

***Re:*** ***Linda Roderiques, et al.***
***Vs.*** ***American Foam Corporation et al.***
***C.A. No. 03-11497 MEL***

Dear Madam/Sir:

Please find enclosed for filing an original Stipulation in connection with the above-captioned matter.

Thank you for your attention to this matter.

Sincerely,

Cynthia L. Dragon
Cynthia L. Dragon
Legal Secretary

Enclosure
cc: Counsel of Record

Commerce Center · 30 Exchange Terrace · Providence, Rhode Island 02903-1765 · Tel (401) 831-8900 · Fax (401) 751-7542
www.blishcavlaw.com · Tax ID# 050421848

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -5 A 11: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODRIQUES; LINDA RODRIQUES Individually; LINDA RODRIQUES, as Mother and Next Friend to MANDI RODRIQUES, minor<br>Plaintiffs | : | |
| Vs. | : | C.A. No. 03-11497 MEL |
| AMERICAN FOAM CORPORATION; FOAMEX INTERNATIONAL; BARRY H. WARNER; TRITON REALTY LIMITED PARTNERSHIP; JEFFREY DERDERIAN; MICHAEL DERDERIAN; DERCO, LLC; MANIC MUSIC MANAGEMENT, INC.; JACK RUSSELL MARK KENDALL; DAVID FILICE; ERIC POWERS; DANIEL BICHELE; PAUL WOOLNOUGH; KNIGHT RECORDS, INC.; ANHEUSER-BUSH COMPANIES, INC.; MCLAUGHLIN & MORAN, INC.; LUNA TECH, INC.; LUNA TECH PYROTECHNIC GMBH; CLEAR CHANNEL COMMUNICATIONS INC. d/b/a WHJY-FM; MOTIVA ENTERPRISES, LLC; SHELL OIL COMPANY TOWN OF WEST WARWICK; DENNIS LAROCQUE, STATE OF RHODE ISLAND and IRVING J. OWENS | : | |

**STIPULATION**

This action arises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that Shell Oil Company and Motiva Enterprises LLC have an additional ninety (90) days, up to and including February 12, 2004, to answer or otherwise respond to the complaint.

DOCKETED

So ordered
[signature]
USDJ
12/10/03

DOCKETED

26

Plaintiffs,
By Their Attorney,

Brian R. Cunha, Esquire (BBO 108560)
Karen A. Alegria, Esquire (BBO 563993)
BRIAN CUNHA & ASSOC.
311 Pine Street
Fall River, MA 02720
Telephone No. 508-587-3701
Facsimile No. 508-679-6360

Defendants,
Shell Oil Company,
Motiva Enterprises LLC
By their attorneys,

Faith A. LaSalle (BBO 545720)
ZIZIK, LASALLE & POWERS, P. C.
One Hollis Street, Suite 400
Wellesley, MA 02181
Telephone: 781-431-8777
Facsimile: 781-431-8749

DATED: NOVEMBER 25, 2003

 A-1

# United States District Court

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Luna Tech, Inc.
c/o Amanda M. McLean CEO and Thomas F. DeWille
148 Moon Drive
Owens Cross Roads, Alabama 35763

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

TONY ANASTAS
CLERK

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED
29

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11/26/03 |
|---|---|
| NAME OF SERVER | TITLE SPS |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11/26/03
Date

Signature of Server

100 Jefferson St, Hsv AL 35801
Address of Server

SCANNED
DATE: 12-9-03
BY: W

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -5 A 11:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Triton Realty Limited Partnership
c/o ~~Raymond J. Villanova~~ James Murphy Esq
~~1545 Bald Hill Road~~ 146 Westminster St
Warwick, RI 02886 Providence RI
Hanson & Curran

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ________________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

[seal: UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS]

8-11-03
DATE

[signature]
BY DEPUTY CLERK

30

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE Nov. 25, 2003 |
|---|---|
| NAME OF SERVER Thomas Noury 41 N. Elmore Ave. P.O. Box 114026 North Providence, RI 02911 | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: Triton Realty LTD

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): James Murphy Esq. 146 Westminster st. Providence RI. on Behalf of Def.

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 40.00 | 40.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11/25/03
*Date*

*Signature of Server*

Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911
*Address of Server*

2003 DEC -2 A 11:53
FILED

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2003 DEC -8 P 1:15
U.S. DISTRICT COURT
DISTRICT OF MASS.

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODERIQUES, ET AL

vs. C.A. No. 03-11497 MEL

JEFFREY DERDERIAN; MICHAEL DERDERIAN; DERCO, LLC; ET AL

## STIPULATION

The time for filing an answer in the above-named case may be extended to January 31, 2004.

PLAINTIFFS
By their attorney,

Brian R. Cunha, Esquire #108560
BRIAN CUNHA & ASSOCIATES, P.C.
311 Pine Street
Fall River, MA 02720
(508) 675-9500
Fax: (508) 679-6360

MICHAEL DERDERIAN, JEFFREY DERDERIAN and DERCO d/b/a THE STATION
By their attorney,

Anthony F. DeMarco, Esquire #0799
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

DATED: 12/6/03

So Ordered
Morris E. Lasker
USDJ 12/15/03

DOCKETED

DOCKETED
(31)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODERIQUES; LINDA RODERIQUES Individually; LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, minor
Plaintiffs,

C.A. No. 03CV11497MEL

V.

AMERICAN FOAM CORPORATION, et al

**MOTION TO TRANSFER**

Now comes the Plaintiff, Linda Roderiques, As Administratrix of the Estate of Donald Roderiques, Linda Roderiques Individually, Linda Roderiques, As Mother and Next Friend to Mandi Roderiques, a minor, and moves that this Honorable court transfer the above-captioned matter to the District Court for the District of Rhode Island.

The Plaintiff further refers this Court to its Memorandum of Law annexed hereto.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

Brian R. Cunha, Esquire ( #108560)
Karen A. Alegria, Esquire (#563993)
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360



DOCKETED
32

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODERIQUES; LINDA RODERIQUES Individually; LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, minor
Plaintiffs,

C.A. No. 03CV11497MEL

V.

AMERICAN FOAM CORPORATION, et al

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**

This lawsuit arises from a catastrophic fire at The Station nightclub in West Warwick, Rhode Island, on the evening of February 20, 2003 during a concert given by the band Great White. One Hundred club patrons died that evening when pyrotechnics from the band's show ignited foam coating the walls of the nightclub, causing the patrons to frantically flee the club as the fire rapidly spread. The Plaintiffs are representatives or next-of-kin of Shawn Sweet who perished in the fire at The Station.

Defendants are the owners of The Station, members and management of the band Great White, sponsors of the February 20, 2003 concert, manufacturers of the insulating foam and fireworks, the Town of West Warwick, the State of Rhode Island and the State Fire Marshal. Plaintiffs advance negligence claims against the owners, band, concert sponsors, and government officials, and strict product liability claims against the manufacturers.

This lawsuit is in the preliminary stages of litigation. The Rhode Island Federal for the District of Rhode Island has stayed all matters pending resolution of disputes regarding subject matter jurisdiction, personal jurisdiction, and venue.



DOCKETED
33

This lawsuit is one of many against the defendants regarding the fire at The Station. Several other lawsuits are pending in the U.S. District Courts for the District of Rhode Island. Passa v. Derderian, No. 03-CV-148 (D.R.I Apr. 22, 2003); Kingsley v. Derderian, 03CV208 (D.R.I. May 30, 2003); Guidon v. American Foam Corp., 03CV335 (D.R.I. August 8, 2003); Alves v. McLaughlin & Moran, Inc., 03MC70 (D.R.I. Aug. 7, 2003); O'Brien v. McLaughlin & Moran, Inc., 03MC71 (D.R.I. Aug. 7, 2003); Unnamed Manufacturers v. McLaughlin & Moran, Inc., 03MC72 (D.R.I. Aug. 7, 2003). The cases pending in the District of Rhode Island are pending before the Honorable Ronald R. Lagueux, Senior United States District Judge. Three actions now pending in the District of Rhode Island. Alves, O'Brien and Unnamed Manufacturers, are miscellaneous actions originally filed in the State of Rhode Island Superior Court for Providence County, which were removed therefrom, that were filed for the purpose of preserving evidence obtained from the site of the fire and establishing rules for access thereto. The evidence preservation process has begun under the auspices of the aforementioned courts.

There was also a Complaint filed in District Court for the District of Connecticut Henault, et al. v. American Foam Corp., et al C.A. No. 03CV999 which has been transferred to Rhode Island under §1404.

Section 1404(a), Title 28, United States Code, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404 (a). "The idea behind § 1404 (a) is that where a "civil action" to vindicate a wrong–however brought in a court– presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after

findings, transfer the whole action to the more convenient court." Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960).

## I. PREREQUISITES TO APPLYING SECTION 1404

Prior to determining whether a transfer is appropriate pursuant to §1404 certain conditions must be met. The phrase "where it might have been brought" has been interpreted to mean that, in order to transfer a case to another district pursuant to Section 1404, the transferee court must have subject matter jurisdiction, the plaintiffs must have been able to have originally brought the case in the transferee district under the applicable venue statute, and the plaintiffs must have been able to acquire personal jurisdiction over each defendant in the transferee district. See Hoffman v. Blaski, 363 U.S. 335, 343-45 (1960). Here, those prerequisites have been satisfied. Venue lies in the District of Rhode Island under 28 U.S.C. § 1391 (g) and there is personal jurisdiction over each defendant within the District of Rhode Island.

## II APPLICATION OF DISCRETIONARY FACTORS

The prerequisites having been satisfied, application of Section 1404 is discretionary, and courts are to consider its use on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964); See Clishma Management, Inc. v. American Steel Bldg. Co., Inc. 792 F. Supp. 150, 157 (D. Conn. 1992) ("District Courts are accorded broad discretion in a decision to transfer venue and such a decision will not overturned except upon a very strong showing that the Court abused its discretion.") (citations omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case by case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp.,

487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

Based upon the language of Section 1404, and the cases both preceding and subsequently applying it, courts have enumerated some combination of the following factors to be considered when exercising their discretion:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally (10) the Court should also consider how est to serve the interest of justice, based on an assessment of the totality of material circumstances.

Wine Markets Intern., Inc. v. Bass, 939 F. Supp. 178, 181 (E.D.N.Y. 1996); see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). "[T]he burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

In this case, the balance of factors weighs in favor of a transfer to the District of Rhode Island. [1] Many of the enumerated factors that this court must consider do not materially affect the court's analysis. For example, each district's calendar congestion, the forum state's familiarity with the law, and the attendance of certain witnesses and parties do not tip the scale in either direction. The question

---

[1]Plaintiffs note that ABI did not submit affidavits with its motion, and that affidavits are often necessary to aid the moving party in carrying its burden. However, the record in this matter, including plaintiffs' submissions, provides ample context for the court to evaluate the necessary factors without the benefit of an affidavit. Further, the basis for the transfer is not the convenience of particular witnesses, but rather the interest of justice in general. The authority requiring the submission of affidavits applies with greater force in cases where a detailed balancing of convenience and relative expense is necessary. Finally, the plaintiff does not anticipate any objections from any defendant with respect to the transfer.

in this case is whether the interest of justice outweighs the plaintiffs' interest in presenting their claims in Massachusetts.

The interest of justice demands a transfer to the District of Rhode Island. There is a strong local interest in adjudicating this dispute in Rhode Island. Although the Massachusetts communities where the plaintiffs in this action reside have been affected, the epicenter of this tragedy lies in Rhode Island. The wounds inflicted upon the community around The Station run deep. This is so not only because of grief over the loss of life, but also the sense of angst regarding responsibility for the fire. One Court has aptly observed the following:

"the public interest in the local adjudication of local controversies also supports transfer. A lawsuit is not purely a matter of private concern. When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of locale attention, rather than in a remote location where it will be learned of only by report."

In re: Eastern Dist. Repetitive Stress Injury Litigation, 850 F. Supp. 188, 195 (E.D.N.Y. 1994). It is impossible to fully appreciate the sense of loss to the local community generated by a disaster of this magnitude. As such, justice requires that, if possible, claims relating to a local disaster be adjudicated in the local community.

In addition, District of Rhode Island has jurisdiction over the physical evidence from the fire. The Rhode Island Superior Court and the District of Rhode Island have taken steps to gather and preserve the physical evidence from the fire site. The importance of this evidence cannot be understated. Although plaintiffs argue that there will be other evidence at issue in this case located

outside the State of Rhode Island, it cannot seriously be disputed that the evidence gathered from the fire site is of the utmost importance. Therefore, transferring this action to the Court with jurisdiction over the crucial physical evidence is in the interest of justice.

Further, a transfer to the District of Rhode Island would eliminate future uncertainty, and expensive litigation, about the proper forum for this case. Should the District of Rhode Island decide to abstain from exercising jurisdiction over the actions now pending before it under Section 1369, a transfer of this action to the District of Rhode Island would still benefit the parties to this case. Assuming the District of Rhode Island abstains, there may be implications to the propriety of this court's exercise of jurisdiction under Section 1369, because Section 1369 (b) makes reference to "all plaintiffs," which may necessitate accounting for all plaintiffs in any pending lawsuit, irrespective of the forum, foreclosing the possibility of multiple decisions regarding abstention. It is therefore possible that principles of claim preclusion could apply, or that this Court could independently decide to abstain as well. Should this Court decide to abstain under Section 1369(b), there would still be diversity jurisdiction, but venue would no longer be proper in the District of Massachusetts under 28 U.S.C. Section 1391(a). In that event, a transfer to the District of Rhode Island might be mandated. However, if this case is transferred now, venue in the District of Rhode Island would still be proper even if that same Court decided to abstain under Section 1369(b). A transfer at this juncture would eliminate future uncertainty and litigation by providing an unassailable forum for plaintiffs' claims.

In rendering this decision, the Court is aware of plaintiffs' substantial interest in having their selection of a permissible forum stand. When considering a motion to transfer venue, it is a generally accepted principle that "[a] plaintiff's choice of forum is generally entitled to considerable weight and

should not be disturbed unless other factors weigh strongly in favor of transfer." Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002); cf. A. Olinick and Sons v. Demoster Bros., Inc., 365 F. 2d 439, 444 (2d Cir. 1966) ("The plaintiff's choice of venue is still entitled to substantial consideration, although not so much upon a motion to transfer under 28 U.S.C. 1404(a) as upon a motion to dismiss for forum non conveniens.". This principle holds fast in this case, as plaintiffs not only reside in Massachusetts themselves, but are representatives or next-of-kin of victims of the fire who resided in Massachusetts..

In deciding to transfer this case to the District of Rhode Island, the Court does not minimize plaintiffs' valid interest in litigating their claims in their home state. Plaintiffs correctly point out that the District of Rhode Island is a less convenient forum than the District of Massachusetts, even though the distance between the Boston and Providence courthouses is not significantly greater from Southeastern Massachusetts.

The interest of justice, as discussed herein, outweigh any inconvenience to the plaintiffs. As previously stated, plaintiffs are but a small part of the body of persons affected by the fire, the many of whom reside in Rhode Island. Further, as even the plaintiffs acknowledge, much of the discovery phase of this litigation will take place outside of both Rhode Island and Massachusetts, regardless of the forum for their claims. Given the location of the physical evidence, and several defendants, much of the discovery phase of this case will also necessarily take place in Rhode Island. The remainder of discovery will involve plaintiffs themselves, and this court is confident that, given the sensitivity of plaintiffs' claims, and the relative means of the parties, the additional expense to plaintiffs of litigation in the District of Rhode Island can be mitigated to the extent plaintiffs' participation is required. A transfer

will minimize the possibility of duplicative litigation, which inures to the benefit of all participants in terms of both expense and consistency. Moreover, plaintiff's counsel is a member of the Rhode Island bar with an office in Rhode Island.

Given the strong interest of adjudicating the claims arising from the fire in the community where The Station was located, the location of the crucial physical evidence in the State of Rhode Island within the jurisdiction of the District of Rhode Island, and the benefit of eliminating uncertainty, and the attendant costs, regarding the appropriate forum for plaintiff's claims, the interest of justice favors a transfer to the District of Rhode Island.

Plaintiffs
By their Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

Brian R. Cunha, Esquire ( #108560)
Karen A. Alegria, Esquire (#563993)
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360

**CERTIFICATE OF SERVICE**

I, Brian R. Cunha, Esquire, certify that on the 2nd day of December, 2003, I have served a true copy of **Motion to Transfer and Memorandum of Law in Support of Motion to Transfer**, by causing same to be served upon all counsel of record:

John Brook, Esq.
122 East Gilbert
Munice IN 47305

Faith LaSalle, Esq.
Zizik, LaSalle & Powers, P.C.
40 Westminister St., Suite 201
Providence, RI 02903

Thomas C. Angelone, Esq.
One Turks Head
Providence RI 02903

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney
123 Dyer St
Providence RI 02903

Ronald Langlois, Esq.
Smith & Brink, P.C.
One State Street
Providence, RI 02908

Anthony DeMarco, Esq.
Reynolds, DeMarco & Boland, Ltd.
170 Westminster St
Providence RI 02903

Randell L. Souza, Esq.
Nixon Peabody, Ltd.
One Citizens Plaza Suite 700
Providence RI 02903

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster St suite 500
Providence RI 02903

Joseph V. Cavanagh, Esq.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

Howard A. Merten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

William P. Robinson, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906

James R. Lee, Esq.
Department of the Attorney General
150 South Main Street
Providence, RI 02903

James T. Murphy, Esq.
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903

Brian R. Cunha, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINDA RODERIQUES, ET AL. | : | |
| | : | |
| v. | : | C.A. No. 03-11497 MEL |
| | : | |
| AMERICAN FOAM CORPORATION, ET AL. | : | |
| | : | |

**STIPULATION**

This action rises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that State of Rhode Island and Irving J. Owens have up to and including February 23, 2004, to answer or otherwise respond to the Complaint.

Brian R. Cunha, Esq.
Karen A. Alegria
311 Pine St.
Fall River, MA 02720
(508) 675-9500
F: (508) 679-6360

Dated: 12-10, 2003

James R. Lee, Esq.
Assistant Attorney General
150 S. Main St.
Providence, RI 02903
(401) 274-4400, ext. 2314
(401) 222-2995

Dated: 12/10, 2003

DOCKETED

So ordered
[signature]
USDJ
12/22/03

SCANNED
DATE: 12/16/03
BY: F.O.M

DOCKETED
(34)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 15 P 2: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

LINDA RODERIQUES, as Administratrix of The Estate of DONALD RODERIQUES; LINDA RODERIQUES, Individually; and LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, minor,

*Plaintiffs,*

vs.

AMERICAN FOAM CORP., ET AL.,

*Defendants.*

CA. NO. 1:03CV11497-MEL

December 5, 2003

**STIPULATION**

This action rises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that the Town of West Warwick and Denis Larocque have up to and including February 24, 2003 to answer or otherwise respond to the Complaint.

Plaintiffs,
By their Attorneys,

[signature]

Brian R. Cunha, Esq., BBO #108560
Karen A. Allegria, Esq., BBO #563993
Brian Cunha & Associates, PC
311 Pine Street
Fall River, MA 02720
(508) 675-9500
(508) 679-6360 fax

Town of West Warwick and Denis Larocque,
By their Attorney,

Kevin Brill by MSD

Kevin Brill, Esq., BBO #544869
45 Border Street
West Newton, MA 02465
(617) 438-0925
(617) 244-0661 fax

DOCKETED

So Ordered
[signature] USDJ 12/22/03

SCANNED
DATE: 12/16/03
BY: F.O.M.

DOCKETED

35

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2003 DEC 15 P 1:
U.S. DISTRICT COURT DISTRICT OF MASS.

LINDA RODERIQUES, as Administratrix of the Estate of DONALD RODERIQUES; LINDA RODERIQUES, Individually; LINDA RODERIQUES, as Mother and Next Friend to MANDI RODERIQUES, Minor

vs. C.A. NO.: 03-11497 MEL

AMERICAN FOAM CORPORATION; FOAMEX INTERNATIONAL; BARRY H. WARNER; TRITON REALTY LIMITED PARTNERSHIP; JEFFREY DERDERIAN; MICHAEL DERDERIAN DERCO, LLC; MANIC MUSIC MANAGEMENT, INC.; JACK RUSSELL, MARK KENDALL; DAVID FILICE; ERIC POWERS; DANIEL BICHELE; PAUL WOOLNOUGH; KNIGHT RECORDS, INC.; ANHEUSER-BUSH COMPANIES, INC.; MCLAUGHLIN & MORAN, INC.; LUNA TECH, INC.; LUNA TECH PYROTECHNIC GMBH; CLEAR CHANNEL COMMUNICATIONS, INC. d/b/a WHJY-FM; MOTIVA ENTERPRISES, LLC; SHELL OIL COMPANY; TOWN OF WEST WARWICK; DENNIS LAROCQUE; STATE OF RHODE ISLAND and IRVING J. OWENS

RECEIVED
DEC 11 2003
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**STIPULATION**

This action arises from The Station nightclub fire that occurred in Rhode Island on February 20, 2003. Plaintiffs are in the process of filing a Motion to Transfer this matter to the United States District Court for the District of Rhode Island where other cases arising from this incident are pending and where there is a stay on filing responsive pleadings until the court has addressed the jurisdictional issues. Therefore, the parties hereby stipulate that General Foam Corporation and Foamex International have an additional ninety (90) days, up to and including February 24, 2004, to answer or otherwise respond to the complaint.

DOCKETED

So ordered
Mark L. Wolf [signature]
USDJ
12/22/03

SCANNED
DATE: 12/16/03
BY: F.O.M
DOCKETED (36)

Plaintiffs,
By Their Attorney,

Brian R. Cunha, Esq. (BBO# 108560)
Karen A. Alegria, Esq. (BBO# 563993)
BRIAN CUNHA & ASSOC.
311 Pine Street
Fall River, MA 02720
(508) 675-9500 (Tel)
(508) 679-6360 (Fax)

Defendants,
American Foam Corporation
and Foamex International
By Their Attorney,

Gerald C. DeMaria, Esq. (BBO# 549381)
James A. Ruggieri, Esq. (BBO# 433770)
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
(401) 272-3500 (Tel)
(401) 273-8780 (Fax)

DATED: December 3, 2003

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2003 DEC 16 A 11:39

U.S. DISTRICT COURT DISTRICT OF MASS.

LINDA RODERIQUES, ET AL

V.

AMERICAN FOAMCORPORATION, RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Foamex International
1000 Columbia Avenue
Linwood, PA 19061

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ — BRIAN CUNHA & ASSOCIATES, 311 PINE ST., FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ — 30 COTTAGE STREET, BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED 37

STATE OF MASSACHUSETTS

Side
3.00

# SHERIFF'S DEPARTMENT
## DELAWARE COUNTY
FRONT STREET & VETERANS SQUARE, MEDIA, PENNSYLVANIA 19063 (610) 891-4296

RECEIVED DEC 1 1 2003 BY:

**SHERIFF SERVICE**
**PROCESS RECEIPT, and AFFIDAVIT OF RETURN**

INSTRUCTIONS FOR SERVICE OF PROCESS ... Do Not detach any copies

1. PLAINTIFF/S/ Linda Roderiques
2. COURT NUMBER 03-CV11497MLW
3. DEFENDANT/S/ American Foam Corporation
4. TYPE OF WRIT OR COMPLAINT: Summons & Complaint

**SERVE AT**
5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE: Foamex International
6. ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code): 1000 Columbia Avenue Linwood, PA 19061

7. INDICATE UNUSUAL SERVICE: ☐ REG. MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

Now, ______ 19 ______, I, SHERIFF OF DELAWARE COUNTY, PA., do hereby deputize the Sheriff of ______ County to execute this Writ and make return thereof according to law. This deputation being made at the request and risk of the plaintiff. ______
SHERIFF OF DELAWARE COUNTY

**8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE**

Deputy Sheriff
Invoice No. 57319
Amount Pd. Pd 41.40
Docket #
Page
1 Copy

**NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN** — Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

**9. PRINT/TYPE NAME AND ADDRESS OF ATTORNEY/ORIGINATOR**
Brian Cunha & Joseph F. Krowsji, Esq.
311 Pine Street
Fall River, MA 02720

**10. TELEPHONE NUMBER** (508) 675-9500
**11. DATE**
**12. SIGNATURE**

**SPACE BELOW FOR USE OF SHERIFF ONLY — DO NOT WRITE BELOW THIS LINE**

13. I acknowledge receipt of the writ or complaint as indicated above. **SIGNATURE** of Authorized DCSD Deputy or Clerk and Title MW
14. Date Filed 11/17/03
15. Expiration/Hearing date -------

**TO BE COMPLETED BY SHERIFF**

16. Served and made known to FOAMEX INTERNATIONAL, Defendant(s) on the 20 day of NOV., 2003, at 3:07 o'clock, P M., at SAID ADDRESS Street, County of Delaware, Commonwealth of Pennsylvania, in the manner described below:
☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is ______
☐ Adult in charge of Defendant's residence.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☒ Agent or person in charge of Defendant's office or usual place of business. [signature] Assistant General Counsel
☐ Other ______

On the ______ day of ______, 19 ______, at ______ o'clock, ______ M.
Defendant not found because:
☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other ______

REMARKS:

RETURNED:

17. AFFIRMED and subscribed to before me this 25
20. day of November 2003
23. [signature] Notary Public
MY COMMISSION EXPIRES

**SO ANSWER.**
18. Signature of Dep. Sheriff [signature] #205
19. Date 11-20-2003
21. Signature of Sheriff [signature]
22. Date
**SHERIFF OF DELAWARE COUNTY**

24. I ACKNOWLEDGE RECEIPT OF THE **SHERIFF'S RETURN SIGNATURE** OF AUTHORIZED ISSUING AUTHORITY AND TITLE.
25. Date Received

DCSD-1-1989

NOTARIAL SEAL
SHERI L. ZUPPO, Notary Public
Media Boro., Delaware County
My Commission Expires August 24, 2005

**1. ISSUING AUTHORITY**

# IN THE COURTS OF COMMON PLEAS OF DELAWARE COUNTY

**State of Pennsylvania**

County of Delaware, ss:

I, Deborah L. Gaston, Director of the Office of Judicial Support of said County, which are Courts of Record having a common seal, being the officer authorized by the laws of the State of Pennsylvania to make the following certificate:

do Certify, That Sheri L. Zuppo ........ Esquire before whom the annexed affidavit or acknowledgement was made, was at the time of so doing

a NOTARY PUBLIC ........

for the Commonwealth of Pennsylvania, residing in the County aforesaid, duly commissioned and qualified to administer oaths and affirmations and to take acknowledgements and Proofs of Deeds or conveyances for lands, tenements and hereditaments to be recorded in said State of Pennsylvania, and to all whose acts, as such, full faith and credit are and ought to be given, as well in Courts of Judication as elsewhere; and that I am well acquainted with the handwriting of the

said NOTARY PUBLIC Sheri L. Zuppo ........ and verily believe the signature thereto is genuine, and that said oath or affirmation, purports to be taken in all respects as required by the laws of the State of Pennsylvania.

The impression of the seal of the laws of the NOTARY PUBLIC is not required by law to be filed in this office

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Court, this

...... 5th ...... day of December ...... in the year of our lord

two thousand ... 2003 ......

Deborah L. Gaston, Director

By *[signature]* ...... Office of Judicial Support

120--No. 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2003 DEC 19 P 4:03

CIVIL ACTION NO. 03CV11497MEL

LINDA RODERIQUES, ET AL
Plaintiffs,

U.S. DISTRICT COURT
DISTRICT OF MASS.

v.

AMERICAN FOAM CORPORATION,
ET AL.
Defendants

**ENTRY OF APPEARANCE**

Now comes Ronald Langlois, Esquire and Lauren Wilkins, Esquire, and hereby enter their appearance on behalf of Defendant, Barry Warner, in the above entitled matter.

Defendant,
Barry Warner
by his attorneys,

SMITH & BRINK, P.C.

Ronald Langlois, Esq. #2891
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

Lauren D. Wilkins, Esq. #3239
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218



DOCKETED 38

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the attorney(s) listed below on the 16 day of December, 2003.

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
311 Pine Street
Fall River, MA 02720

Dana Paulger

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2003 DEC 22 P 1:31
U.S. DISTRICT COURT
DISTRICT OF MASS.

LINDA RODERIQUES, et al.,
Plaintiffs,

v.

AMERICAN FOAM CORPORATION, et al.,
Defendants.

C.A. NO: 03-11497-MEL

DOCKETED

**STIPULATION FOR ENLARGEMENT OF TIME**

The Plaintiffs, by and through their counsel, and Defendant Paul Woolnough, by and through his counsel, hereby stipulate and agree that Paul Woolnough shall have an enlargement of time up to and including January 20, 2004 to answer or otherwise respond to the Plaintiffs' Complaint.

MOTION ALLOWED
LASKER, D.J.
U.S. DISTRICT JUDGE

AGREED TO:

LINDA RODERIQUES ET AL

By their Attorneys,

Brian R. Cunha (# )
BRIAN R. CUNHA & ASSOCIATES
311 Pine Street
Fall River, MA 02720
(508) 675-9500
(508) 679-6360 (Fax)

Dated: December 16, 2003

AGREED TO:

PAUL WOOLNOUGH

By his Attorneys,

Randall L. Souza (#552216)
Fred A. Kelly, Jr. (#544046)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903
(401) 454-1000; (401) 454-1030 (Fax)

Dated: December 18, 2003

DOCKETED
39

P108438.1

NP

NIXON PEABODY LLP
ATTORNEYS AT LAW

Suite 700
One Citizens Plaza
Providence, Rhode Island 02903-1345
(401) 454-1000
Fax: (401) 454-1030

Randall L. Souza
Direct Dial: (401) 454-1034
E-Mail: rsouza@nixonpeabody.com

FILED
IN CLERKS OFFICE
2003 DEC 22 P 1:37
U.S. DISTRICT COURT
DISTRICT OF MASS.

December 19, 2003

Civil Clerk's Office
United States District Court
for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Linda Roderiques, et al. v. American Foam Corporation, et al., (C.A. No. 03-CV-11497-MEL)

Dear Sir/Madam:

Enclosed please find for filing and docketing a Stipulation for Enlargement of Time in regard to the above-captioned action. Kindly file in your usual manner.

Very truly yours,

Randall L. Souza

RLS:crp
Enclosures

cc: Brian R. Cunha, Esq.

P108650.1

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

FILED IN CLERKS OFFICE

2003 DEC 22 P 12:56

U.S. DISTRICT COURT DISTRICT OF MASS.

DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Manic Music Management, Inc.
17337 Ventura Boulevard, #218
Encino, CA 91316

c/o Paul Woolnough
17337 Ventura Blvd. #218
Encino, CA 91316

c/o Randall L. Souza
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BY DEPUTY CLERK

8-11-03
DATE

DOCKETED

40

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________

☒ Other (specify): Attorney authorized to accept service of process on behalf of MANIC MUSIC MANAGEMENT, INC.

[signature] 12/16/03
Randall L. Souza (#552216)

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________
*Date* *Signature of Server*

______________________
*Address of Server*

SCANNED
DATE: 12-23-03
BY: [initials]

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2003 DEC 19 A 10:46
U.S. DISTRICT COURT DISTRICT OF MASS.

LINDA RODERIQUES,
ET AL

V.

AMERICAN FOAMCORPORATION,
RT AL

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 03 11497 MEL

TO: (Name and Address of Defendant)

Paul Woolnough
17337 Ventura Blvd. #218
Encino, CA 91316

c/o Randall L. Souza, Esq.
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRIAN R. CUNHA, ESQ
BRIAN CUNHA & ASSOCIATES
311 PINE ST.
FALL RIVER, MA 02720

JOSEPH F. KROWSKI, ESQ
30 COTTAGE STREET
BROCKTON, MA 02301

an answer to the complaint which is herewith served upon you, within ______ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

TONY ANASTAS
CLERK

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

8-11-03
DATE

BY DEPUTY CLERK

DOCKETED

41

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 12/11/03 |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☒ Other (specify): I accept service on behalf of Paul Woolnough, individually,
[signature] 12·11·03
Randall L. Souza (#5522 16)

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______ *Date* ______ *Signature of Server*

______ *Address of Server*

SCANNED
DATE: 12-22-03
BY: Kim

CLERK'S OFFICE
FILED
2003 DEC 19 A 10:48
U.S. DISTRICT COURT
DISTRICT OF MASS.

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2003 DEC 29 P 12:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| LINDA RODERIQUES, et al., Plaintiffs, | : | |
| v. | : | C.A. NO. 03-CV-11497-MEL |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**STIPULATION FOR ENLARGEMENT OF TIME**

The Plaintiffs, by and through their counsel, and Defendant Manic Music Management, Inc., by and through its counsel, hereby stipulate and agree that Manic Music Management, Inc. shall have an enlargement of time up to and including January 20, 2004 to answer or otherwise respond to the Plaintiffs' Complaint.

AGREED TO:

LINDA RODERIQUES, et al.

By their Attorneys,

Brian R. Cunha (# ____________)
BRIAN R. CUNHA & ASSOCIATES
311 Pine Street
Fall River, MA 02720
(508) 675-9500
(508) 679-6360) (Fax)

Dated: December 19, 2003

AGREED TO:

MANIC MUSIC MANAGEMENT, INC.

By its Attorneys,

Randall L. Souza (#552216)
Fred A. Kelly, Jr. (#544046)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Dated: December 22, 2003

So ordered
[signature] USDJ 1/6/04

DOCKETED

42

P108521.1

JTM:ems 03-206 11/26/03

FILED IN CLERKS OFFICE
2003 DEC 24 A 11:09
U.S. DISTRICT COURT DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, et al

VS. C.A. No. 03-11497 MEL

AMERICAN FOAM CORPORATION, ET AL

**STIPULATION**

***In the above-entitled cause it is agreed that the following entry be made:***

The time within which defendant, Triton Realty Limited Partnership, may answer or otherwise respond to the complaint in this action is extended to and including thirty (30) days beyond the date that Judge Lagueux issues his ruling on the pending jurisdictional motions in the United States District Court for the District of Rhode Island in the related case of *Passa v. Derderian*, Civil Action No. 03-148L, now pending in the United States District Court for the District of Rhode Island, or until such time that Judge Lagueux lifts his stay on the filing of answers and responsive pleadings, whichever occurs later.

Brian R. Cunha, Esq.
BRIAN CUNHA & ASSOCIATES
311 Pine Street
Fall River, MA 02720
*Attorney for Plaitniffs*

Dated: ____________________

James T. Murphy, Esq. BBO# 362700
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
*Attorney for Defendant, Triton Realty Limited Partnership*

Dated: 12/19/03

So ordered
Ernest C. Torres
USDJ
1/6/04

DOCKETED

DOCKETED

(43)

FILED
CLERKS OFFICE
2003 DEC 24 P 12: 58
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINDA RODERIQUES, as, Administratix of the Estate of DONALD RODERIQUES; Individually, and as Mother and Next Friend to MADI RODERIQUES, | ) | |
| Plaintiffs. | ) | |
| v. | ) | C.A. No. 03 CV 11497 MEL |
| AMERICAN FOAM CORP., et al. | ) | |
| Defendants. | ) | |

**DEFENDANT ANHEUSER-BUSCH, INC.'S MOTION TO TRANSFER AND JOINDER IN PLAINTIFFS' MOTION TO TRANSFER**

Now comes defendant Anheuser-Busch, Inc. ("Anheuser-Busch") and, joining in Plaintiffs' Motion to Transfer, hereby moves this Court to transfer the within action to the United States District Court for the District of Rhode Island. In support hereof, Anheuser-Busch relies upon the accompanying memorandum of law.

ANHEUSER-BUSCH, INC.,

By its Attorneys,

BLISH & CAVANAGH, LLP

[signature]

Kristin E. Rodgers (BBO# 565598)
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: (401) 831-8900
Telecopier: (401) 751-7542

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

DOCKETED
44

**CERTIFICATION**

I hereby certify that on the 23rd day of December, 2003, I served a true copy of the within Stipulation, via first class mail, postage prepaid to the following counsel who have entered appearances in related matters:

Anthony F. DeMarco, Esq.
Reynolds Demarco & Boland
170 Westminster Street, Suite 200
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street, P.O. Box 2563
Providence, RI 02903-2563

Howard A. Merten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Thomas C. Angelone, Esq.
Hodosh Spinella & Angelone
One Turks Head Place
Providence, RI 02903

Fred A. Kelly, Jr., Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

James R. Lee, Esq.
Department of Attorney General
150 South Main Street
Providence, RI 02903

William P. Robinson, III, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA 19103-7301

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

James T. Murphy, Esq.
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903

Scott J. Tucker, Esq.
Tucket Heifetz & Saltzman LLP
Three School Street
Boston, MA 02108

Faith LaSalle, Esq.
Zizik Lasalle & Powers, PC
40 Westminster Avenue
Providence, RI 02903

John Brook, Esq.
122 East Gilbert
Munice, IN 47305

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

Ronald Langlois, Esq.
Smith & Brink, P.C.
One State Street
Providence, RI 02908

Cynthia Dragon

FILED
CLERKS OFFICE
2003 DEC 24 P 12: 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, as, Administratrix of the Estate of DONALD RODERIQUES; Individually, and as Mother and Next Friend to MADI RODERIQUES,

Plaintiffs,

vs.

AMERICAN FOAM CORP., et al.,

Defendants.

C.A. No. 03 CV 11497 MEL

**DEFENDANT ANHEUSER-BUSCH, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND JOINDER IN PLAINTIFFS' MOTION TO TRANSFER**

Defendant Anheuser-Busch, Inc. ("Anheuser-Busch") submits this memorandum in support of its Motion to Transfer and Joinder in Plaintiffs' Motion to Transfer this action to the United States District Court for the District of Rhode Island ("Rhode Island District Court").

## I. Litigation Background

This action is one of several cases already filed (with potentially more to come) seeking to recover for injuries sustained as a result of the tragic fire at The Station nightclub in West Warwick, Rhode Island on February 20, 2003. Anheuser-Busch is a party in all of the pending actions. At present, all but two of these actions are pending before Judge Ronald R. Lagueux in the Rhode Island District Court. The other action not before Judge Lagueux, *Sweet v. American Foam Corp., et al.*, 03 CV 11496 RWZ, is also pending in this District, before Judge Rya W. Zobel. Plaintiffs' counsel in this action also

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

DOCKETED
45

represents the plaintiffs in the *Sweet* action and, along with Anheuser-Busch, has filed a similar motion to transfer the *Sweet* action to the Rhode Island District Court.

Subject matter jurisdiction for this and all fire-related civil actions exists under 28 U.S.C. § 1369(a), a provision of the newly-enacted Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA").[1] *See* Multiparty, Multiforum Trial Jurisdiction Act of 2002, Public Law 107-273, § 11020, 116 Stat. 1828 (2002). The MMTJA, enacted in November, 2002, is the culmination of a legislative process initiated years ago to craft comprehensive legislation to consolidate actions arising from deadly accidents into a single federal forum. Congress determined that consolidation of all civil actions arising from such accidents would serve many critical public interests, including the conservation of judicial resources. The MMTJA achieves consolidation through a series of related jurisdictional, removal, service and venue provisions which became law when Congress passed the MMTJA.[2]

On October 15, 2003, Judge Lagueux heard oral argument on various jurisdictional/abstention motions in the actions pending before him and took all matters under advisement. He also stayed all proceedings, pending rulings on the motions under advisement, including responsive pleading deadlines and all discovery.

---

1 Subject matter jurisdiction also exists under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, as plaintiffs concede, under a diversity theory, venue would be appropriate in Rhode Island, but not here in Massachusetts. *See* 28 U.S.C. § 1391(a); Plaintiffs' Memo. at p. 7.

2 The provisions of the MMTJA are codified at various sections of the Judicial Code. *See* 28 U.S.C. §§ 1369, 1441(e), 1697, 1785, and 1391(g).

## II. Transfer of this Action is Appropriate

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When considering a motion to transfer, the court must determine: (1) whether the action might have been brought in the proposed transferee district; and (2) whether a transfer to that district is appropriate considering the convenience of the parties and witnesses and the interests of justice." *Champion Exposition Service, Inc. v. Hi-Tech Electric, LLC*, 273 F. Supp. 2d 172, 180 (D. Mass. 2003). On October, 3, 2003, Judge Dominic Squatrito, sitting in the United States District Court for the District of Connecticut ("Connecticut District Court"), held that these requirements were met in *Henault v. American Foam Corp. et al.*, an action originally filed in the Connecticut District Court seeking to recover for injuries sustained by several Connecticut citizens as a result of The Station fire. Judge Squatrito granted Anheuser-Busch's motion to transfer *Henault* to the Rhode Island District Court, holding that the interests of justice strongly favored transfer. A copy of Judge Squatrito's order is attached hereto as Exhibit A.

**A. This Action Might Have Been Brought in the Rhode Island District Court**

This action properly could have been brought in the Rhode Island District Court. As plaintiffs note, under the MMTJA, the Rhode Island District Court would have both subject matter and *in personam* jurisdiction over the claims and parties in this action and venue would be proper in Rhode Island. *See* Plaintiffs' Memo. at p. 4; *see also* Complaint at ¶ 3. The MMTJA expands the court's original subject matter to actions involving minimal diversity arising out of a single accident resulting in the deaths of at least 75 persons. The requirements of § 1369(a) are satisfied and both this Court and the Rhode Island District Court have subject matter jurisdiction over this action because: (1) this action arises from a single accident that resulted in the deaths of at least 75 natural persons; (2) minimal diversity between adverse parties exists as plaintiffs are citizens of Massachusetts and at least one of the defendants is not, *see* Complaint at ¶¶ 4, 6, 13-21, 24-27 and (3) both § 1369(a)(1) and

§ 1369(a)(2) are satisfied (although only one need be). Section 1369(a)(1) is satisfied because at least one defendant resides in a state other than Rhode Island, the state where a substantial part of the accident took place. *See id.* at ¶¶ 6, 13-21, 24-27. Section 1369(a)(2) is also satisfied because at least two defendants reside in different states. *Id.*

The Rhode Island District Court would have *in personam* jurisdiction over the parties under 28 U.S.C. § 1697, which was enacted as part of the MMTJA and which authorizes nationwide service of process. Venue is proper in Rhode Island under the MMTJA's venue provision which provides that venue is proper in "any district . . . in

which a substantial part of the accident giving rise to the action took place." 28 U.S.C. § 1391(g).[3] As the fire at The Station took place in West Warwick, Rhode Island, the entire accident giving rise to the action occurred in Rhode Island.

**B. The Convenience of Parties and Witnesses and the Interests of Justice Favor Transfer to the Rhode Island District Court**

When considering a transfer motion, "in addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents, the possibility of consolidation and the order in which the district court obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). Based on the totality of circumstances, these factors weigh strongly in favor of transfer. Specifically, Rhode Island is the locus of operative facts in this action. Plaintiffs' claims arise out of alleged acts or omissions that took place in Rhode Island as The Station nightclub was located there, the Great White performance and the pyrotechnic display that sparked the fire took place there, and the foam insulation which allegedly contributed to cause the fire was purchased and installed there. Moreover, nearly all of the defendants in this action are also parties to the actions pending in the Rhode Island District Court. In fact, plaintiffs' counsel in this action and in *Sweet* is also counsel in *Guindon v. American Foam Corp. et al.*, originally filed and pending in the Rhode Island District Court.

---

3 As previously mentioned and conceded by plaintiffs, under a diversity theory Rhode Island is the appropriate venue for this action.

Accordingly, most of the parties, witnesses and physical evidence is located in Rhode Island.[4]

Transfer of this action to the Rhode Island District Court will also best serve the interests of justice by conserving judicial resources, decreasing litigation costs, and reducing the risk of inconsistent adjudications. In enacting the MMTJA, Congress intended that all civil actions arising from qualifying accidents would be heard in a single forum. *See* Conf. Rep. No. 107-685 at 200 (2002), *reprinted in* 2003 U.S.C.C.A.N 1120, 1152. Transfer of this action would effectuate that Congressional intent and advance orderly and efficient adjudication of the multiple fire-related actions. As Judge Squatrito held in ordering a transfer of the *Henault* action:

> Given the strong interest of adjudicating the claims arising from the fire in the community where The Station was located, the location of the crucial physical evidence in the State of Rhode Island within the jurisdiction of the District of Rhode Island, and the benefit of eliminating uncertainty, and the attendant costs, regarding the appropriate forum for plaintiffs' claims, the interest of justice favors a transfer to the District of Rhode Island.

*See* Exhibit A.

## III. <u>Conclusion</u>

For the foregoing reasons, Anheuser-Busch, Inc. supports Plaintiffs' request for transfer of this action and respectfully requests that this Court exercise its broad discretion under 28 U.S.C. § 1404(a) and transfer this action to the Rhode Island District Court.

---

4 More than seven hundred items of physical evidence taken from the site are currently being stored in a repository in Rhode Island. The Rhode Island District Court now has jurisdiction and control over the physical evidence in that repository.

ANHEUSER-BUSCH, INC.,

By its Attorneys,

BLISH & CAVANAGH, LLP

Kristin E. Rodgers (BBO# 565598)
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: (401) 831-8900
Telecopier: (401) 751-7542

**CERTIFICATION**

I hereby certify that on the 23rd day of December, 2003, I served a true copy of the within Stipulation, via first class mail, postage prepaid to the following counsel who have entered appearances in related matters:

Anthony F. DeMarco, Esq.
Reynolds Demarco & Boland
170 Westminster Street, Suite 200
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street, P.O. Box 2563
Providence, RI 02903-2563

Howard A. Merten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Thomas C. Angelone, Esq.
Hodosh Spinella & Angelone
One Turks Head Place
Providence, RI 02903

Fred A. Kelly, Jr., Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

James R. Lee, Esq.
Department of Attorney General
150 South Main Street
Providence, RI 02903

William P. Robinson, III, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA 19103-7301

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

James T. Murphy, Esq.
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903

Scott J. Tucker, Esq.
Tucket Heifetz & Saltzman LLP
Three School Street
Boston, MA 02108

Faith LaSalle, Esq.
Zizik Lasalle & Powers, PC
40 Westminster Avenue
Providence, RI 02903

John Brook, Esq.
122 East Gilbert
Muncie, IN 47305

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

James H. Reilly, Esq.
Kelly, Kelleher, Reilly & Simpson
146 Westminster Street, Suite 500
Providence, RI 02903

Ronald Langlois, Esq.
Smith & Brink, P.C.
One State Street
Providence, RI 02908

Cynthia Dragon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ESTATE OF JUDE B. HENAULT by CHAD M. HENAULT and ANGELA BOGGS, Co-Admins.; ANGELA BOGGS Individually; RACHEL M. HENAULT, PPA CHAD M. HENAULT; ANDREW J. HENAULT, PPA CHAD HENAULT; ESTATE OF SAMUEL A. MICELLI, JR., by MADELINE P. MICELLI, Admin.; ESTATE OF MELVIN A. GERFIN, JR., DEBORAH A. GERFIN and LAURA GERFIN, Co-Admins.; DEBORAH GERFIN, Individually; LAURA GERFIN, Individually; KELLY GERFIN, PPA DEBORAH GERFIN; MEGAN GERFIN, PPA DEBORAH GERFIN; NANCY NOYES: ESTATE OF SARAH JANE TELGARSKY, CAROLINE TELGARSKY, Admin., SARAH JANE BALLARD, Individually; GLENN JOHNSON, LISA JOHNSON; and MELANIE HOLLIDAY;

v. No. 3:03CV999(DJS)

AMERICAN FOAM CORPORATION; BARRY H. WARNER; TRITON REALTY LIMITED PARTNERSHIP; JEFFREY DERDERIAN; MICHAEL DERDARIAN; DERCO, LLC; MANIC MUSIC MANAGEMENT, INC.; JACK RUSSELL, MARK KENDALL; DAVID FILICE; ERIC POWERS; DANIEL BICHELE; PAUL WOOLNOUGH; KNIGHT RECORDS, INC.; ANHEUSER-BUSCH COMPANIES, INC.; MCLAUGHLIN & MORAN, INC.; LUNA TECH, INC.; LUNA TECH PYROTECHNIC GMBH; CLEAR

## I. BACKGROUND

This lawsuit arises from a catastrophic fire at The Station nightclub in West Warwick, Rhode Island, on the evening of February 20, 2003 during a concert given by the band Great White. One hundred club patrons died that evening when pyrotechnics from the band's show ignited insulating foam coating the walls of the nightclub, causing the patrons to frantically flee the club as the fire rapidly spread. Plaintiffs Glenn Johnson, Lisa Johnson, Melanie Holliday, and Nancy Noyes are residents of the State of Connecticut and survivors of the fire at The Station. The other named plaintiffs are representatives or next-of-kin of Jude Henault, Samuel Micelli, Melvin Gerfin, and Sarah Jane Telgarsky, each of whom was a resident of the State of Connecticut and perished in the fire at The Station. Defendants are the owners of The Station, members and management of the band Great White, sponsors of the February 20, 2003 concert, manufacturers of the insulating foam and fireworks, the Town of West Warwick, the State of Rhode Island, and the state fire marshal. Plaintiffs advance negligence claims against the owners, band, concert sponsors, and government officials, and strict product liability claims against the manufacturers.

This lawsuit is in the preliminary stages of litigation. The court has stayed all discovery pending resolution of disputes regarding subject matter jurisdiction, personal jurisdiction, and

venue. The court had set October 3, 2003 as the date for filing motions addressing these issues, but, upon the motion of several defendants, has modified the original schedule for the purpose of entertaining motions to transfer venue on an expedited basis. (See Dkt. # 110).

This lawsuit is one of many against the defendants regarding the fire at The Station. Several other lawsuits are pending in the U.S. District Courts for the District of Rhode Island and the District of Massachusetts: Passa v. Derderian, No. 03-CV-148 (D.R.I. Apr. 22, 2003); Kingsley v. Derderian, 03-CV-208 (D.R.I. May 30, 2003); Guindon v. American Foam Corp., 03-CV-335 (D.R.I. Aug. 8, 2003); Alves v. McLaughlin & Moran, Inc., 03-MC-70 (D.R.I. Aug. 7, 2003); O'Brien v. McLaughlin & Moran, Inc., 03-MC-71 (D.R.I. Aug. 7, 2003); Unnamed Manufacturers v. McLaughlin & Moran, Inc., 03-MC-72 (D.R.I. Aug. 7, 2003); Roderiques v. American Foam Corp., 1:03-CV-11497-MEL (D. Mass. Aug. 11, 2003); and Sweet v. American Foam Corp., 1:03-CV-11496-RWZ (D. Mass. Aug. 12, 2003).[1] The cases pending in the District of Rhode Island are pending before the Honorable Ronald R. Lagueux, Senior United States District Judge. Three actions now pending in the District of Rhode Island, Alves, O'Brien, and Unnamed Manufacturers, are miscellaneous actions originally filed in the

---

[1] Another case, Kinan v. Derco, LLC, 03-CV-207 (D.R.I. May 30, 2003), has been dismissed without prejudice, and is expected to be re-filed.

State of Rhode Island Superior Court for Providence County, which were removed therefrom, that were filed for the purpose of preserving evidence obtained from the site of the fire and establishing rules for access thereto. The evidence preservation process has begun under the auspices of the aforementioned courts.

## II. DISCUSSION

ABI, and the other defendants joining ABI's motion, have requested that this court transfer this case to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). Section 1404(a), Title 28, United States Code, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The idea behind s 1404(a) is that where a 'civil action' to vindicate a wrong--however brought in a court--presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960).

### A. PREREQUISITES TO APPLYING SECTION 1404

Prior to determining whether a transfer is appropriate pursuant to Section 1404, certain conditions must be met. The

phrase "where it might have been brought" has been interpreted to mean that, in order to transfer a case to another district pursuant to Section 1404, the transferee court must have subject matter jurisdiction, the plaintiffs must have been able to have originally brought the case in the transferee district under the applicable venue statute, and the plaintiffs must have been able to acquire personal jurisdiction over each defendant in the transferee district. See Hoffman v. Blaski, 363 U.S. 335, 343-45 (1960). Here, these prerequisites have been satisfied. Venue lies in the District of Rhode Island under 28 U.S.C. § 1391(g). The court also finds that, on a prima facie basis, pursuant to either specific or general theories of personal jurisdiction, there is personal jurisdiction over each defendant within the District of Rhode Island.

Plaintiffs argue that subject matter jurisdiction is uncertain ir the District of Rhode Island because certain motions to remand pursuant to 28 U.S.C. § 1369(b) are pending in the District of Rhode Island cases. The basis for federal jurisdiction in the district of Rhode Island actions is 28 U.S.C. § 1369(a). Section 1369(b) directs a district court to abstain from exercising jurisdiction under Section 1369(a), despite the fact that the action meets the requirements of Section 1369(a), if the following two conditions are met:

> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary

> defendants are also citizens; and
> (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. § 1369(b). Plaintiffs argue that the District of Rhode Island court could decide that abstention is required, and, because they too invoke Section 1369(a) as a basis for jurisdiction, a transfer would be improper. However, as plaintiffs point out, there is diversity jurisdiction over their claims under 28 U.S.C. § 1332, and therefore a basis for subject matter jurisdiction in the District of Rhode Island independent of Section 1369(a). As such, this action "might have been brought" in the District of Rhode Island.

B. APPLICATION OF DISCRETIONARY FACTORS

The prerequisites having been satisfied, application of Section 1404 is discretionary, and courts are to consider its use on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964); see Clisham Management, Inc., v. American Steel Bldg. Co., Inc., 792 F. Supp. 150, 157 (D. Conn. 1992) ("District courts are accorded broad discretion in a decision to transfer venue and such a decision will not be overturned except upon a very strong showing that the court abused its discretion.") (citations omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case- by-case consideration of convenience

and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Based upon the language of Section 1404, and the cases both preceding and subsequently applying it, courts have enumerated some combination of the following factors to be considered when exercising their discretion:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances.

Wine Markets Intern., Inc. v. Bass, 939 F. Supp. 178, 181 (E.D.N.Y. 1996); see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). "[T]he burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

In this case, the balance of factors weighs in favor of a transfer to the District of Rhode Island.[2] Many of the

[2] Plaintiffs note that ABI did not submit affidavits with its motion, and that affidavits are often necessary to aid the moving party in carrying its burden. However, the record in this matter, including plaintiffs' submissions, provides ample context for the court to evaluate the necessary factors without the

enumerated factors that this court must consider do not materially affect the court's analysis. For example, each district's calendar congestion, the forum state's familiarity with the law, and the attendance of certain witnesses and parties do not tip the scale in either direction. The question in this case is whether the interest of justice outweighs the plaintiffs' interest in presenting their claims in Connecticut.

The interest of justice demands a transfer to the District of Rhode Island. There is a strong local interest in adjudicating this dispute in Rhode Island. Although the Connecticut communities where the plaintiffs in this action reside have been affected, the epicenter of this tragedy lies in Rhode Island. The wounds inflicted upon the community around The Station run deep. This is so not only because of grief over the loss of life, but also the sense of angst regarding responsibility for the fire. One court has aptly observed the following:

> The public interest in the local adjudication of local controversies also supports transfer. A lawsuit is not purely a matter of private concern. When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of

---

benefit of an affidavit. Further, the basis for the transfer is not the convenience of particular witnesses, but rather the interest of justice in general. The authority requiring the submission of affidavits applies with greater force in cases where a detailed balancing of convenience and relative expense is necessary.

> local attention, rather than in a remote location where it will be learned of only by report.

In re Eastern Dist. Repetitive Stress Injury Litigation, 850 F. Supp. 188, 195 (E.D.N.Y. 1994). It is impossible to fully appreciate the sense of loss to the local community generated by a disaster of this magnitude. As such, justice requires that, if possible, claims relating to a local disaster be adjudicated in the local community.

In addition, District of Rhode Island has jurisdiction over the physical evidence from the fire. The Rhode Island Superior Court and the District of Rhode Island have taken steps to gather and preserve the physical evidence from the fire site. The importance of this evidence cannot be understated, and is buttressed by the fact that plaintiffs have already filed two motions seeking this court to intervene in the evidence preservation process. Although plaintiffs argue that there will be other evidence at issue in this case located outside the State of Rhode Island, it cannot seriously be disputed that the evidence gathered from the fire site is of the utmost importance. Therefore, transferring this action to the court with jurisdiction over the crucial physical evidence is in the interest of justice.

Further, a transfer to the District of Rhode Island would eliminate future uncertainty, and expensive litigation, about the proper forum for this case. Should the District of Rhode Island

decide to abstain from exercising jurisdiction over the actions now pending before it under Section 1369, a transfer of this action to the District of Rhode Island would still benefit the parties to this case. Assuming the District of Rhode Island abstains, there may be implications to the propriety of this court's exercise of jurisdiction under Section 1369, because Section 1369(b) makes reference to "all plaintiffs," which may necessitate accounting for all plaintiffs in any pending lawsuit, irrespective of the forum, foreclosing the possibility of multiple decisions regarding abstention. It is therefore possible that principles of claim preclusion could apply, or that this court could independently decide to abstain as well. Should this court decide to abstain under Section 1369(b), there would still be diversity jurisdiction, but venue would no longer be proper in the District of Connecticut under 28 U.S.C. § 1391(a). In that event, a transfer to the District of Rhode Island might be mandated. However, if this case is transferred now, venue in the District of Rhode Island would still be proper even if that same court decided to abstain under Section 1369(b). A transfer at this juncture would eliminate future uncertainty and litigation by providing an unassailable forum for plaintiffs' claims.

In rendering this decision, the court is aware of plaintiffs' substantial interest in having their selection of a

permissible forum stand. When considering a motion to transfer venue, it is a generally accepted principle that "[a] plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer." Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002); cf. A. Olinick and Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966) ("The plaintiff's choice of venue is still entitled to substantial consideration, although not so much upon a motion to transfer under 28 U.S.C. 1404(a) as upon a motion to dismiss for forum non conveniens."). This principle holds fast in this case, as plaintiffs not only reside in Connecticut themselves, but are representatives or next-of-kin of victims of the fire who resided in Connecticut.

In deciding to transfer this case to the District of Rhode Island, the court does not minimize plaintiffs' valid interest in litigating their claims in their home state. Plaintiffs correctly point out that the District of Rhode Island is a less convenient forum than the District of Connecticut, even though the distance between the Hartford and Providence courthouses is not significantly greater from Southeastern Connecticut. Aside from the intangible effect of litigating claims outside one's home state, this change in forum would mean greater travel time and expense to court proceedings for plaintiffs, their witnesses,

and their attorneys, and would require plaintiffs' counsel to comply with the District of Rhode Island's visiting lawyer rules.

The interest of justice, as discussed herein, outweigh the additional inconvenience to the plaintiffs. As previously stated, plaintiffs are but a small part of the body of persons affected by the fire, the majority of whom reside in Rhode Island. Further, as even the plaintiffs acknowledge, much of the discovery phase of this litigation will take place outside of both Rhode Island and Connecticut, regardless of the forum for their claims. Given the location of the physical evidence, and several defendants, much of the discovery phase of this case will also necessarily take place in Rhode Island. The remainder of discovery will involve plaintiffs themselves, and this court is confident that, given the sensitivity of plaintiffs' claims, and the relative means of the parties, the additional expense to plaintiffs of litigating in the District of Rhode Island can be mitigated to the extent plaintiffs' participation is required. A transfer will minimize the possibility of duplicative litigation, which inures to the benefit of all participants in terms of both expense and consistency. Regarding plaintiffs' counsel's ability to practice in the District of Rhode Island, the court is not aware of any insurmountable procedural bar to their pursuing plaintiffs' claims in the District of Rhode Island.

Given the strong interest of adjudicating the claims arising from the fire in the community where The Station was located, the location of the crucial physical evidence in the State of Rhode Island within the jurisdiction of the District of Rhode Island, and the benefit of eliminating uncertainty, and the attendant costs, regarding the appropriate forum for plaintiffs' claims, the interest of justice favors a transfer to the District of Rhode Island.

## III. CONCLUSION

For the reasons set forth herein, ABI's motion to transfer this action to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a) (dkt. # 94) is **GRANTED.** In the interest of justice, **this matter is hereby transferred to the United States District Court for the District of Rhode Island forthwith pursuant to 28 U.S.C. § 1404(a).** The Clerk of the Court shall close this file.

So ordered this 3rd day of October, 2003.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE



10/03/2003 16:40 FAX
014

41

120

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JAN -5 P 12: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| LINDA RODERIQUES, et al., Plaintiffs, | : | |
| v. | : | C.A. NO. 03-CV-11497-MEL |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**DEFENDANTS JACK RUSSELL, MARK KENDALL, DAVID FELICE, ERIC POWERS, PAUL WOOLNOUGH AND MANIC MUSIC MANAGEMENT, INC.'S MEMORANDUM AND JOINDER IN PLAINTIFFS' MOTION TO TRANSFER**

These Defendants Jack Russell, Mark Kendall, David Felice, Eric Powers, Paul Woolnough and Manic Music Management, Inc., hereby join in and support the Plaintiffs' Motion to Transfer filed in this action.

These Defendants join in and adopt by reference the arguments made by Co-Defendant Anheuser-Busch, Inc. in its Memorandum in Support of Plaintiffs' Motion to Transfer and Joinder in Plaintiffs' Motion to Transfer previously filed with this Court. These Defendants posit that this matter should be transferred to the United States District Court for the District of Rhode Island, as the Plaintiffs have requested.

WHEREFORE, Defendants Jack Russell, Mark Kendall, David Felice, Eric Powers, Paul Woolnough and Manic Music Management, Inc. respectfully request that this Court exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the United States District Court for

DOCKETED

47

the District of Rhode Island.

JACK RUSSELL; MARK KENDALL; DAVID FELICE; ERIC POWERS; PAUL WOOLNOUGH and MANIC MUSIC MANAGEMENT, INC.

By their Attorneys,

Randall L. Souza (#552216)
Fred A. Kelly, Jr. (#544046)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903
(401) 454-1000; (401) 454-1030 (Fax)

Dated: January 2, 2004

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2004, I mailed a true copy of the within Defendants Jack Russell, Mark Kendall, David Felice, Eric Powers, Paul Woolnough and Manic Music Management, Inc.'s Memorandum and Joinder in Plaintiffs' Motion to Transfer via first-class mail, postage prepaid to: counsel of record on the attached service list.

Randall L. Souza

THE STATION NIGHTCLUB FIRE
SERVICE LIST (USDC-RI)

Brian R. Cunha, Esq.
BRIAN CUHNA & ASSOCIATES
904 Broadway
East Providence, RI 02914

Joyce A. Faraone, Esq.
400 Reservoir Ave., Suite 3G
Providence, RI 02907

Max H. Wistow, Esq.
WISTOW & BARYLICK
61 Weybosset St.
Providence, RI 02903

Scott Hubbell, Esq.
SUMMERS LAW OFFICE
P.O. Box 306
Franklin, MA 02038

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Steven Minicucci, Esq.
373 Elmwood Ave.
Providence, RI 02907

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Howard A. Merten, Jr., Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903-6803

James P. Howe, Esq.
215 Broadway
Providence, 02903

Timothy A. Williamson, Esq.
Solicitor
Town of West Warwick
c/o INMAN & TOURGEE
1193 Tiogue Ave.
Coventry, RI 02816

Oleg Nikolyszyn, Esq.
155 South Main St., Suite 303
Providence, RI 02903

William A. Filippo, Esq.
373 Elmwood Ave.
Providence, RI 02907

Michael A. St. Pierre, Esq.
REVENS REVENS & ST. PIERRE, P.C.
946 Centerville Road
Warwick, RI 02886

Patrick T. Jones, Esq.
COOLEY MANION JONES, LLP
21 Custom House Street
Boston, MA 02110

Mark Tourgee, Esq.
Asst. Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave.
Coventry, RI 02816

Ronald J. Resmini, Esq.
155 South Main Street, Suite 400
Providence, RI 02903

Evamarie Mancuso, Esq.
HAMEL, WAXLER, ALLEN & COLLINS
387 Atwells Ave.
Providence, RI 02909-3806

Christopher C. Fallon, Jr., Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103-3508

Anthony F. DeMarco, Esq.
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Brian P. Voke, Esq.
CAMPBELL CAMPBELL EDWARDS & CONROY
One Constitution Plaza
Boston, MA 02129

Joseph B. Burns, Esq.
ROME McGUIGAN SABANOSH, P.C.
One State Street
Hartford, CT 06103

Marc DeSisto, Esq.
DESISTO LAW OFFICES
211 Angell Street
Providence, RI 02906

Mark T. Nugent, Esq.
MORRISON, MAHONEY & MILLER
One Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

James T. Murphy, Esq.
HANSON CURRAN, L.L.P.
146 Westminster St.
Providence, RI 02903-2202

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Thomas C. Angelone, Esq.
HODOSH, SPINELLA & ANGELONE
One Turks Head Place, Suite 1050
Providence, RI 02903

Edward T. Hinchey, Esq.
SLOANE & WALSH
Three Center Plaza
Boston, MA 02108

Lawrence H. Leavitt, Esq.
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112

Joseph V. Cavanagh, Esq.
BLISH & CAVANAGH LLP
30 Exchange Terrace
Providence, RI 02903

James A. Ruggieri, Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Daniel P. McKiernan, Esq.
146 Westminster Street
Providence, RI 02903

James H. Reilly, Esq.
KELLY KELLEHER RIELLY & SIMPSON
146 Westminster St., #500
Providence, RI 02903-2017

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI 02903

Stephen E. Breggia, Esq.
BREGGIA, BOWEN & GRANDE
395 Smith Street
Providence, RI 02908

William P. Robinson, III, Esq.
EDWARDS & ANGELL LLP
2800 Financial Plaza
Providence, RI 02903

Faith A. LaSalle, Esq.
3215 West Shore Road
Warwick, RI 02889

SCANNED
DATE: 1-12-04
BY: Kim

FILED
IN CLERKS OFFICE
2004 JAN -9 A 11:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA RODERIQUES, et al.

*Plaintiffs,*

vs.

AMERICAN FOAM CORPORATION, et al.

*Defendants.*

C.A. NO. 1:03CV11497-MEL

January 7, 2004

# MEMORANDUM AND JOINDER OF DEFENDANTS, TOWN OF WEST WARWICK AND DENIS LAROCQUE, TO PLAINTIFFS' MOTION TO TRANSFER

These defendants, Town of West Warwick and Denis Larocque, hereby join in and support the Plaintiffs' Motion to Transfer in this action.

These defendants join in and adopt by reference the arguments made by co-defendant Anheuser-Busch, Inc. in its Memorandum in Support of Plaintiffs' Motion to Transfer and Joinder in Plaintiffs' Motion to Transfer previously filed with this Court. These defendants posit that this mater should be transferred to the United States District Court for the District of Rhode Island, as the Plaintiffs have requested.

WHEREFORE, defendants Town of West Warwick and Denis Larocque respectfully request that this Court exercise its discretion under 28 U.S.C. § 1404(s) and transfer this case to the United States District Court for the District of Rhode Island



DOCKETED
48

Defendants,
Town of West Warwick and Denis Larocque,
By their attorney,

Kevin Brill, Esq., BBO #544869
45 Border Street
West Newton, MA 02465
(617) 438-0925
(617) 244-0661 fax

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Memorandum and Joinder was mailed, postage prepaid, on this 7th day of January 2004, to the attorneys listed below:

Brian R. Cunha, Esq., BBO No. 108560
Karen A. Alegria, Esq., BBO No. 563993
Brian Cunha & Associates, PC
311 Pine Street
Fall River, MA 02720
(508) 675-9500
(508) 679-6360 fax

Kristin E. Rodgers, Esq., BBO No. 565598
Blish & Cavanagh, LP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 fax
*for Anheuser-Busch Companies, Inc.*

C.A. No. 1:03CV11497-MEL

**Courtesy copies sent to:**

Thomas C. Angelone, Esq.
Hodosh Spinella & Angelone, PC
1 Turks Head Pl – Ste 1050
Providence, RI 02903
(401) 272-0200
(401) 274-7538 fax
*for American Foam Corporation*

Ronald Langlois, Esq.
Lauren Wilkins, Esq.
Smith & Brink, P.C.
1 State St - Ste 400
Providence, RI 02908
(401) 351-9970
(401) 274-6218 fax
*for Barry H. Warner*

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran, LLP
146 Westminster St
Providence, RI 02903
(401) 421-2154
(401) 521-7040 fax
*for Triton Realty Ltd. Partnership*

Anthony F. DeMarco, Esq.
Reynolds, DeMarco & Boland, Ltd.
170 Westminster St – Ste 200
Providence, RI 02903
(401) 861-5522
(401) 331-4861 fax
*for the Derderians and Derco, LLC*

Randall L. Souza, Esq.
Fred A. Kelly, Jr., Esq.
Ian C. Ridlon, Esq.
Nixon Peabody, LLP
One Citizens Plaza – Ste 700
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax
*for Jack Russell*

Howard A. Merten, Esq.
Eric M. Sommers, Esq.
Vetter & White
20 Washington Pl
Providence, RI 02903
(401) 421-3060
(401) 272-6803 fax
*for McLaughlin & Moran, Inc.*

Curtis R. Diedrich, Esq.
Sloane & Walsh, LLP
127 Dorrance St – 4th Flr
Providence, RI 02903-2828
(401) 454-7700
(617) 227-0927 fax
*for Luna Tech, Inc.*

William P. Robinson, III, Esq.
Stephen M. Prignan, Esq.
Stephen J. MacGillivrary, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 fax
*for Clear Channel Communications, Inc., d/b/a WHJY-FM*

Faith A. LaSalle, Esq.
Zizik, LaSalle & Powers, PC
40 Westminster St – Ste 201
Providence, RI 02903
(401) 421-7110
(401) 421-7111 fax
(401) 454-2042 direct dial
*for Shell Oil Company and
Motiva Enterprises, LLC*

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
*for Town of West Warwick and
Denis Larocque*

James R. Lee, Esq.
Chief, Civil Division
Department of Attorney General
State of Rhode Island
150 South Main St
Providence, RI 02903
(401) 274-4440
(401) 222-2995 fax
*for State of Rhode Island and
Irving J. Owens*

**ENDORSEMENT**

LINDA RODERIQUES, et al., v. AMERICAN FOAM CORPORATION, et al., 03-CV-11497-MEL

---

LASKER, D.J.

This case is an obvious subject for transfer to the District of Rhode Island under the provisions of 28 U.S.C. § 1404(a). Transfer is for the obvious convenience of parties and witnesses and is in the interest of justice. No party has opposed the motion, which is, accordingly, granted.

The Clerk of this Court is directed to transfer this case to the Clerk of the United States District Court for the District of Rhode Island.

It is so ordered.

Dated: January 27, 2004
Boston, Massachusetts

/s/ Morris E. Lasker
U.S.D.J.

FILED
FEB 02 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

53

**United States District**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:03-cv-11497-MEL**
**Internal Use Only**

04 26 L

Roderiques v. American Foam Corporation et al
Assigned to: Morris E. Lasker
Referred to:
Demand: $1000000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/11/03
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

-----------------------

**Linda Roderiques,** ***as Administratrix of the Estate of Donald Rodriques; Individually; and as Mother and next friend to Madi Roderiques, minor***

represented by **Brian R. Cunha**
Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
508-675-9500
Fax : 508-679-6560
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen A. Alegria**
Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720
508-675-9500
Fax : 508-679-6360
Email: Karen@Briancunha.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

-----------------------

**American Foam Corporation**

**Foamex International**

**Barry H Warner**

represented by **Ronald Langlois**
Smith & Brink P.C.
2 Charles Street
3rd Floor
Providence, RI 02904

401-351-9970
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Triton Realty Limited Partnership**

**Jeffrey Derderian** represented by **Mark T. Reynolds**
Reynolds, DeMarco, & Boland, Ltd.
170 Westminster Street
Suite 200
Providence, RI 02903
401-861-5522
Fax : 401-331-4861
Email: mtreynolds@conversent.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Derderian** represented by **Mark T. Reynolds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derco, LLC** represented by **Mark T. Reynolds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Manic Music Management, Inc.**

**Jack Russell**

**Mark Kendall**

**David Filice**

**Eric Powers**

**Daniel Bichele**

**Paul Woolnough**

**Knight Records Inc.**

**Anheuser-Busch Companies, Inc.**

**McLaughlin & Moran, inc.**

**Luna Tech, Inc.** represented by **Edward T. Hinchey**
Sloane & Walsh
Three Center Plaza
Boston, MA 02108
617-523-6010 x 331
Fax : 617-227-0927
Email: Ehinchey@sloanewalsh.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Luna Tech Pyrotechnic GMBH**

**ClearChannel Communications Inc.**

***dba***
**WHJY-FM**

**Motiva Enterprises, LLC**

**Shell Oil Company**

**Town of West Warwick**

**Dennis Larocque**

**State of Rhode Island**

**Irving J. Owens**

**General Foam Corporation**

| Filing Date | # | Docket Text |
|---|---|---|
| 08/11/2003 | 1 | COMPLAINT against American Foam Corporation, Anheuser-Busch Companies, Inc., Daniel Bichele, ClearChannel Communications Inc., Derco, LLC, Jeffrey Derderian, Michael Derderian, David Filice, Foamex International, Mark Kendall, Knight Records Inc., Dennis Larocque, Luna Tech Pyrotechnic GMBH, Luna Tech, Inc., Manic Music Management, Inc., McLaughlin & Moran, inc., Motiva Enterprises, LLC, Irving J. Owens, Eric Powers, Jack Russell, Shell Oil Company, State of Rhode Island, Town of West Warwick, Triton Realty Limited Partnership, Barry H Warner, Paul Woolnough Filing fee: $ 150, receipt number 49537, filed by Linda Roderiques. (Holahan, Sandra) (Entered: 08/12/2003) |
| 08/11/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Holahan, Sandra) (Entered: 08/12/2003) |
| 08/11/2003 | | Summons Issued as to American Foam Corporation, Anheuser-Busch Companies, Inc., Daniel Bichele, ClearChannel Communications Inc., Derco, LLC, Jeffrey Derderian, Michael Derderian, David Filice, Foamex International, Mark Kendall, Knight Records Inc., Dennis Larocque, Luna Tech Pyrotechnic GMBH, Luna Tech, Inc., Manic Music Management, Inc., McLaughlin & Moran, inc., Motiva Enterprises, LLC, Irving J. Owens, Eric Powers, Jack Russell, Shell Oil Company, State of Rhode Island, Town of West Warwick, Triton |

| | | |
|---|---|---|
| | | Realty Limited Partnership, Barry H Warner, Paul Woolnough. (Holahan, Sandra) (Entered: 08/12/2003) |
| 11/19/2003 | 2 | SUMMONS Returned Executed State of Rhode Island served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 3 | SUMMONS Returned Executed Town of West Warwick served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 4 | SUMMONS Returned Executed Dennis Larocque served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 5 | SUMMONS Returned Executed ClearChannel Communications Inc. served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 6 | SUMMONS Returned Executed McLaughlin & Moran, inc. served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 7 | SUMMONS Returned Executed Anheuser-Busch Companies, Inc. served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 8 | SUMMONS Returned Executed Daniel Bichele served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 9 | SUMMONS Returned Executed Eric Powers served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 10 | SUMMONS Returned Executed David Filice served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 11 | SUMMONS Returned Executed Mark Kendall served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 12 | SUMMONS Returned Executed Jack Russell served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 13 | SUMMONS Returned Executed Derco, LLC served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| | | |

| | | |
|---|---|---|
| 11/19/2003 | 14 | SUMMONS Returned Executed Michael Derderian served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 15 | SUMMONS Returned Executed Jeffrey Derderian served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 16 | SUMMONS Returned Executed Triton Realty Limited Partnership served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 17 | SUMMONS Returned Executed American Foam Corporation served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 18 | SUMMONS Returned Executed Motiva Enterprises, LLC served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 19 | SUMMONS Returned Executed Shell Oil Company served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 20 | SUMMONS Returned Executed WHJY-FM dba (ClearChannel Communications Inc.) served on 11/13/2003, answer due 12/3/2003. (Holahan, Sandra) (Entered: 11/21/2003) |
| 11/19/2003 | 21 | NOTICE of Appearance by Mark T. Reynolds filed on behalf of Derco, LLC, Jeffrey Derderian, Michael Derderian (Tebo, Susan) (Entered: 11/25/2003) |
| 11/24/2003 | 22 | SUMMONS Returned Executed Barry H Warner served on 11/15/2003, answer due 12/5/2003. (Johnson, Jay) (Entered: 11/25/2003) |
| 11/26/2003 | 25 | SUMMONS Returned Executed General Foam Corporation served on 11/20/2003, answer due 12/10/2003. (Johnson, Jay) (Entered: 12/02/2003) |
| 12/01/2003 | 23 | STIPULATION extending time to answer complaint for 90 days by American Foam Corporation, Anheuser-Busch Companies, Inc., Daniel Bichele, ClearChannel Communications Inc., Derco, LLC, Jeffrey Derderian, Michael Derderian, David Filice, Foamex International, Mark Kendall, Knight Records Inc., Dennis Larocque, Luna Tech Pyrotechnic GMBH, Luna Tech, Inc., Manic Music Management, Inc., McLaughlin & Moran, inc., Motiva Enterprises, |

| | | |
|---|---|---|
| | | LLC, Irving J. Owens, Eric Powers, Linda Roderiques, Jack Russell, Shell Oil Company, State of Rhode Island, Town of West Warwick, Triton Realty Limited Partnership, Barry H Warner, Paul Woolnough. (Johnson, Jay) (Entered: 12/02/2003) |
| 12/01/2003 | 24 | SUMMONS Returned Executed Luna Tech Pyrotechnic GMBH served on 11/18/2003, answer due 12/8/2003. (Johnson, Jay) (Entered: 12/02/2003) |
| 12/01/2003 | 26 | STIPULATION extending time to respond to 1/20/04 re 1 Complaint,, by David Filice, Mark Kendall, Eric Powers, Linda Roderiques, Jack Russell. (Johnson, Jay) (Entered: 12/03/2003) |
| 12/03/2003 | | Judge Morris E. Lasker : ORDER entered re 26 Stipulation filed by Linda Roderiques, Jack Russell, Mark Kendall, David Filice, Eric Powerscc/cl(Edge, Eugenia) (Entered: 12/05/2003) |
| 12/03/2003 | | Judge Morris E. Lasker : ORDER entered granted re 23 Stipulation,, filed by Shell Oil Company, State of Rhode Island, Anheuser-Busch Companies, Inc., Motiva Enterprises, LLC, American Foam Corporation, Foamex International, Barry H Warner, Linda Roderiques, Triton Realty Limited Partnership, Jeffrey Derderian, Michael Derderian, Manic Music Management, Inc., Derco, LLC, Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Bichele, Paul Woolnough, Knight Records Inc., McLaughlin & Moran, inc., Luna Tech, Inc., Luna Tech Pyrotechnic GMBH, ClearChannel Communications Inc., Town of West Warwick, Dennis Larocque, Irving J. Owens(Howarth, George) (Entered: 01/05/2004) |
| 12/05/2003 | 27 | STIPULATION that Anheuser-Busch, Inc. has up to and including 2/23/2004 to answer or otherwise respond to the Complaint by Anheuser-Busch Companies, Inc., Linda Roderiques. (Holahan, Sandra) (Entered: 12/10/2003) |
| 12/05/2003 | 28 | STIPULATION that Shell Oil Company and Motiva Enterprises LLC have an additional 90 days, up to and including 2/12/2004 to answer or otherwise respond to the complaint by Motiva Enterprises, LLC, Linda Roderiques, Shell Oil Company. (Holahan, Sandra) (Entered: 12/10/2003) |
| 12/05/2003 | 30 | SUMMONS Returned Executed Triton Realty Limited Partnership served on 11/25/2003, answer due 12/15/2003. (Hourihan, Lisa) (Entered: 12/10/2003) |
| 12/08/2003 | 29 | SUMMONS Returned Executed Luna Tech, Inc. served on 11/26/2003, answer due 12/16/2003. (Holahan, Sandra) (Entered: 12/10/2003) |

| | | |
|---|---|---|
| 12/08/2003 | 31 | STIPULATION that Jeffrey Derderian and Michael Derderian have until 1/31/2004 to file answer by Jeffrey Derderian, Michael Derderian, Linda Roderiques. (Holahan, Sandra) (Entered: 12/10/2003) |
| 12/10/2003 | | Judge Morris E. Lasker : ORDER entered re 28 Stipulation filed by Shell Oil Company, Motiva Enterprises, LLC, Linda Roderiques.cc/cl (Howarth, George) (Entered: 12/19/2003) |
| 12/10/2003 | | Judge Morris E. Lasker : ORDER entered granting re 27 Stipulation filed by Anheuser-Busch Companies, Inc., Linda Roderiques. cc/cl (Howarth, George) (Entered: 12/23/2003) |
| 12/11/2003 | 32 | MOTION to Change Venue by Linda Roderiques.(Holahan, Sandra) (Entered: 12/17/2003) |
| 12/11/2003 | 33 | MEMORANDUM in Support re 32 MOTION to Change Venue filed by Linda Roderiques. (Holahan, Sandra) (Entered: 12/17/2003) |
| 12/15/2003 | 34 | STIPULATION that State of Rhode Island and Irving J. Owens have up to and including 2/23/2004 to answer or otherwise respond to the Complaint by Irving J. Owens, Linda Roderiques, State of Rhode Island. (Holahan, Sandra) (Entered: 12/18/2003) |
| 12/15/2003 | 35 | STIPULATION that Town of West Warwick and Denis Larocque have up to and including 2/24/2003 to anser or otherwise respond to the Complaint by Dennis Larocque, Linda Roderiques, Town of West Warwick. (Holahan, Sandra) (Entered: 12/18/2003) |
| 12/15/2003 | 36 | STIPULATION that General Foam Corporation and Foamex International have an additional 90 days, up to and including 2/24/2004, to answer or otherwise respond to the complaint by Foamex International, General Foam Corporation, Linda Roderiques. (Holahan, Sandra) (Entered: 12/18/2003) |
| 12/15/2003 | | Judge Morris E. Lasker : ORDER entered granting re 31 Stipulation filed by Linda Roderiques, Jeffrey Derderian, Michael Derderian.cc/cl(Howarth, George) (Entered: 12/23/2003) |
| 12/16/2003 | 37 | SUMMONS Returned Executed Foamex International served on 12/20/2003, answer due 1/9/2004. (Holahan, Sandra) (Entered: 12/23/2003) |
| 12/19/2003 | 38 | NOTICE of Appearance by Ronald Langlois on behalf of Barry H Warner (Holahan, Sandra) (Entered: 12/23/2003) |
| 12/19/2003 | 41 | SUMMONS Returned Executed Paul Woolnough served on |

| | | |
|---|---|---|
| | | 12/11/2003, answer due 12/31/2003. (Holahan, Sandra) (Entered: 12/24/2003) |
| 12/22/2003 | 39 | JOINT MOTION for Extension of Time to 1/20/2004 to respond to complaint by Linda Roderiques, Paul Woolnough.(Holahan, Sandra) (Entered: 12/23/2003) |
| 12/22/2003 | 40 | SUMMONS Returned Executed Manic Music Management, Inc. served on 12/16/2003, answer due 1/5/2004. (Holahan, Sandra) (Entered: 12/24/2003) |
| 12/22/2003 | | Judge Morris E. Lasker : ORDER entered granting re 36 Stipulation, filed by Foamex International, Linda Roderiques, General Foam Corporation, up to and including Feb. 24, 2004 to answer or otherwise respond to the complaint.cc/cl(Howarth, George) (Entered: 01/05/2004) |
| 12/22/2003 | | Judge Morris E. Lasker : ORDER entered granting re 35 Stipulation filed by Linda Roderiques, Town of West Warwick, Dennis Larocque to have up to and including Feb.24, 2004 to answer or otherwise respond to the complaint.cc/cl(Howarth, George) (Entered: 01/05/2004) |
| 12/22/2003 | | Judge Morris E. Lasker : ORDER entered granting re 34 Stipulation filed by State of Rhode Island, Linda Roderiques, Irving J. Owens (Howarth, George) (Entered: 01/05/2004) |
| 12/24/2003 | 43 | STIPULATION to extend time to respond to complaint by Linda Roderiques, Triton Realty Limited Partnership. (Holahan, Sandra) (Entered: 01/06/2004) |
| 12/24/2003 | 44 | MOTION to Change Venue and joinder in Plaintiffs' motion to transfer by Anheuser-Busch Companies, Inc..(Holahan, Sandra) (Entered: 01/06/2004) |
| 12/24/2003 | 45 | MEMORANDUM in Support re 44 MOTION to Change Venue filed by Anheuser-Busch Companies, Inc.. (Attachments: # 1 Exhibit A (NOT SCANNED))(Holahan, Sandra) (Entered: 01/06/2004) |
| 12/29/2003 | 42 | STIPULATION of Plaintiffs and Defendant Manic Music Management, Inc. to extend time to 1/20/04 to answer. (Hourihan, Lisa) (Entered: 01/06/2004) |
| 12/30/2003 | | Judge Morris E. Lasker : ELECTRONIC ORDER entered granting 39 Motion for Extension of Time up to and including January 20,2004.cc/cl (Howarth, George) (Entered: 01/05/2004) |
| | | |

| | | |
|---|---|---|
| 12/30/2003 | 46 | Defendants, Shell Oil Company and Motiva Enterprises LLC'S Memorandum and Joinder in support of Defendant, Anheuser-Busch, Inc.'s Memorandum in support of Plaintiffs' Motion to Transfer (Holahan, Sandra) (Entered: 01/06/2004) |
| 01/05/2004 | 47 | Defendants Jack Russell, Mark Kendall, David Felice, Eric Powers, Paul Woolnough and Manic Music Management, Inc.'s Memorandum and Joinder in Plaintiffs' Motion to Transfer. (Holahan, Sandra) (Entered: 01/13/2004) |
| 01/06/2004 | | Judge Morris E. Lasker : ORDER entered granting re 42 Stipulation. cc/cl(Howarth, George) (Entered: 01/13/2004) |
| 01/06/2004 | | Judge Morris E. Lasker : ORDER entered granting re 43 Stipulation filed by Linda Roderiques, Triton Realty Limited Partnership.cc/cl (Howarth, George) (Entered: 01/16/2004) |
| 01/09/2004 | 48 | Memorandum and Joinder of Defendants, Town of West Warwick and Denis Larocque, to Plaintiffs' Motion to Transfer (Holahan, Sandra) (Entered: 01/13/2004) |
| 01/12/2004 | 49 | NOTICE of Appearance by Edward T. Hinchey on behalf of Luna Tech, Inc. (Holahan, Sandra) (Entered: 01/15/2004) |
| 01/12/2004 | 50 | STIPULATION that Luna Tech, Inc. has up to and including 2/23/2004 to answer or otherwise respond to the Complaint by Luna Tech, Inc., Linda Roderiques. (Holahan, Sandra) (Entered: 01/15/2004) |
| 01/15/2004 | 51 | LATE ENTRY OF STIPULATION to extend time by 30 days to answer complaint by Linda Roderiques, Barry H Warner. (Holahan, Sandra) (Entered: 01/20/2004) |
| 01/20/2004 | | Judge Morris E. Lasker : ORDER entered granting re 50 Stipulation filed by Linda Roderiques, Luna Tech, Inc.(Howarth, George) (Entered: 01/26/2004) |
| 01/21/2004 | | Judge Morris E. Lasker : ORDER entered granting entry of stipulation for an additional 30 days to provide answers to the pltf's complaint. (Howarth, George) (Entered: 01/26/2004) |
| 01/26/2004 | 52 | STIPULATED MOTION for Extension of Time to 2/20/2004 to respond to complaint by David Filice, Mark Kendall, Manic Music Management, Inc., Eric Powers, Linda Roderiques, Jack Russell, Paul Woolnough.(Holahan, Sandra) (Entered: 01/29/2004) |
| 01/27/2004 | 53 | Judge Morris E. Lasker : ORDER entered granting 32 Motion to |

| | | |
|---|---|---|
| | | Change Venue, granting 44 Motion to Change Venue.The Case is to be transfered to the United States District Court for the District of Rhode Island. (Howarth, George) (Entered: 01/29/2004) |
| 01/30/2004 | 54 | Case transferred to to District of Rhode Island;. Original file with documents numbered 1-45,47,48,53, certified copy of transfer order and docket sheet sent to Clerk in that district. cc/cl (Howarth, George) (Entered: 01/30/2004) |