UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA RODERIQUES, et al., Plaintiffs, | : | |
| Vs. | : | C.A. No.: 04-026 L |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**ANSWER AND JURY CLAIM OF THE DEFENDANT**
**TRITON REALTY LIMITED PARTNERSHIP**

**Jurisdiction and Venue**

Now comes Defendant, Triton Realty Limited Partnership and gives this, its answer, to plaintiffs' Complaint.

1. No response to this paragraph is required.

2. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

3. This Defendant admits the averments contained in this paragraph.

**Parties**

4. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5. The Defendants deny that the Station was licensed or authorized to operate as a nightclub at the time in issue and for each and every time reference is made to the Station operating or being licensed as a nightclub, Defendants reassert this denial and incorporate the same by reference hereinafter. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

6. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

59

8. This Defendant admits that Triton Realty Limited Partnership is a limited partnership, that Triton Realty, Inc. is a Rhode Island corporation, and that Triton Realty Limited Partnership was the owner of the referenced property, otherwise the averments are denied.

9. This Defendant admits that Jeffrey Derderian is part owner of DERCO, LLC and the former Station. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

10. This Defendant admits that Michael Derderian is part owner of DERCO, LLC and the former Station. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

11. This Defendant admits that DERCO d/b/a The Station is owned by Jeffrey and Michael Derderian and operated the former Station in West Warwick, Rhode Island. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

12. This Defendant denies the averments contained in the first sentence of this paragraph. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

13. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

22. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

25. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

26. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

27. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

29. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

30. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**Allegations Common to All Counts**

31. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

33. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

35. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

36. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph and as to the acts attributed to these and other Defendants or the alleged consequences of any such acts.

37. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph and as to the acts attributed to these and other Defendants or the alleged consequences of any such acts.

38. With respect to decedent Roderiques, the Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

39. This Defendant denies that the former Station held a Class C license. This Defendant is without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

40. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

41. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

42. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43. This Defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNTS ONE – SIXTY

44. – 291. This Defendant repeats and re-avers its responses to paragraphs 1 through 43 as if specifically set forth herein. These Counts, set forth in paragraphs 44 through 291, are not directed to this Defendant and therefore no further response is required. To the extent these Counts include allegations that may be read as asserting negligent acts or omissions or other actionable conduct on the part of this Defendant, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And answering further, the Defendants assert that the plaintiffs' and/or decedents' injuries and death and any damages sustained by plaintiffs, were caused by other persons or entities for whose conduct the Defendants are not responsible.

### Second Affirmative Defense

Defendants assert that the Complaint fails to state a claim upon which relief may be granted against them and therefore should be dismissed.

### Third Affirmative Defense

Defendants assert that the injuries and death, and any damages sustained by plaintiffs, were caused by the independent, intervening acts or omissions of third parties for whom these Defendants are not liable.

### Fourth Affirmative Defense

In the event that the named plaintiffs are determined not to have standing to bring this action, Defendants assert such lack of standing as an affirmative defense.

### Fifth Affirmative Defense

In the event that these Defendants are determined to be joint tortfeasors, Defendants assert that they are entitled to an allocation of relative degree of fault among all joint-tortfeasors so that the pro-rata share of each defendant can be determined in accordance with the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I.G.L. § 10-6-1, et seq.

### Sixth Affirmative Defense

In the even that plaintiffs' and/or decedents' own negligence contributed wholly or partially to plaintiffs' damages, Defendants assert said contributory negligence as an affirmative defense.

***WHEREFORE***, this Defendant demands judgment, dismissing the claims against it, with prejudice, and that it be awarded costs and such other relief as the court deems just.

**JURY CLAIM**

This Defendant demands a trial by jury as to all allegations set forth in the Complaint, this Answer and any further responsive pleadings.

The Defendant,
Triton Realty Limited Partnership

By its Attorneys,

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903-2202
(401) 421-2154 – telephone
(401) 521-7040 – fax
E-Mail: jtm@hansoncurran.com
E-Mail: knm@hansoncurran.com

- and -

Scott J. Tucker, Esq.
Tucker Heifetz & Saltzman LLP
Three School Street
Boston, MA 02108
(617) 557-9696 – telephone
(617) 227-9191 – fax
E-Mail: stucker@ths-law.com

**PROOF OF SERVICE**

***(Linda Roderiques, et al v. American Foam Corp., et al; C.A. No. 04-26L)***

I hereby certify that on this 31st day of August, 2004, I served the within document by mailing a copy of same to the following:

| | |
|---|---|
| Brian R. Cunha, Esq.<br>Brian Cunha & Associates<br>904 Broadway<br>East Providence, RI 02914<br>*Attorney for Plaintiffs* | Edward M. Crane, Esq.<br>Deborah Solmor, Esq.<br>Skadden, Arps, Slate, Meagher & Flom<br>333 West Wacker Drive<br>Chicago, IL 60606<br>*Attorneys Defendants, for Anheuser-Busch Companies, Inc. and Anheuser-Busch, Inc.* |
| Thomas Angelone, Esq.<br>Hodosh, Spinella & Angelone<br>One Turks Head Building<br>Suite 1050<br>Providence, RI 02903<br>*Attorney for American Foam* | Donna M. Lamontagne, Esq.<br>Zizik, Powers, O'Connell, Spaulding & Lamontagne<br>40 Westminster Street, Suite 201<br>Providence, RI 02903<br>*Attorney for Defendant, Motiva Enterprises, LLC and Shell Oil Company* |
| Anthony F. DeMarco, Esq.<br>Boyer, Reynolds & DeMarco<br>170 Westminster St., #200<br>Providence, RI 02903<br>*Attorney for Defendant, Jeffrey Derderian; Michael Derderian; DERCO, LLC.* | Stephen M. Prignano, Esq.<br>Stephen J. MacGillivrary, Esq.<br>Edwards and Angell<br>One Financial Plaza, Ste. 2700<br>Providence, RI 02903<br>*Attorney for Clear Channel Communications, Inc. d/b/a WHJY-FM* |
| Joseph Cavanagh,Jr., Esq.<br>Kristen E. Rodgers, Esq.<br>Blish & Cavanagh<br>30 Exchange Terrace<br>Providence, RI 02903<br>*Attorney for Defendant, Anheuser-Busch, Inc. and Anheuser-Busch Companies, Inc.* | Mark DeSisto, Esq.<br>DeSisto Law Offices<br>211 Angell Street<br>Providence, RI 02909<br>*Attorney for Defendant, Town of West Warwick and Dennis Larocque* |
| Howard Merten, Esq.<br>Eric M. Sommers, Esq.<br>Vetter & White<br>20 Washington PI.<br>Providence, RI 02903<br>*Attorneys for Defendant McLaughlin & Moran, Inc.* | Daniel P. McKiernan, Esq.<br>146 Westminster Street<br>Providence, RI 02903 |

| | |
|---|---|
| Fred A. Kelly, Jr., Esq.<br>Randall L. Souza, Esq.<br>Nixon Peabody LLP<br>One Citizens Plaza, Suite 700<br>Providence, RI 02903<br>*Attorneys for Jack Russell, Jack Russell Touring, Inc., David Felice, Paul Woolnouh, Manic Management, Inc. and Knight Records, Inc.* | W. Thomas McGough, Jr., Esq.<br>James J. Restivo, Jr., Esq.<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br>*Attorneys for Defendants, Clear Channel Broadcasting, Inc., Clear Channel communications, Inc. and WHJY-FM* |
| Scott Tucker, Esq.<br>Tucker Heifetz & Saltzman LLP<br>Three School Street<br>Boston, MA 02108<br>*Attorney for Defendant, Triton Realty Limited Partnership* | Andrew Trevelise, Esq.<br>Reed Smith LLP<br>2500 One Liberty Place<br>Philadelphia, PA 19103-7301<br>*Attorneys for Defendants, Clear Channel Broadcasting, Inc., Clear Channel communications, Inc. and WHJY-FM* |
| Curtis R. Diedrich, Esq.<br>Edward T. Hinchey, Esq.<br>Sloane & Walsh<br>3 Center Plaza<br>Boston, MA 02108<br>*Attorney for Defendant, Luna Tech, Inc.* | Gerald C. DeMaria, Esq.<br>James A. Ruggieri, Esq.<br>HIGGINS, & COONEY<br>123 Dyer Street<br>Providence, RI 02903<br>*Attorneys for General Foam Corporation, GFC Foam, LLC, Foamex LP and Foamex International* |
| James H. Reilly, Esq.<br>Donald J. Maroney, Esq.<br>Kelly, Kelleher, Reilly & Simpson<br>146 Westminster Street, Suite 500<br>Providence, RI 02903<br>*Attorneys for Defendant, Daniel Biechele* | James Lee, Esq.<br>Dept. of the Attorney General<br>150 South Main<br>Street Providence, RI 02903<br>*Attorney for State of Rhode Island; Irving Owens* |
| Christopher C. Fallon, Jr., Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103-3508<br>*Attorney for Defendant, Jeffrey Derderian, Michael Derderian and DERCO, LLC d/b/a The Station* | John R. Crockett, III, Esq.<br>Susan S. Wettle, Esq.<br>Carl A. Henlein, Esq.<br>Frost Brown Todd LLC<br>400 West Market Street, 32nd Floor<br>Louisville,, KY 40202-3363 |

| | |
|---|---|
| Edwin F. McPherson, Esq.<br>McPherson & Kalmansohn<br>1801 Century Park East, 24th Floor<br>Los Angeles, CA 90067<br>*Attorney for Defendant, Jack Russell* | Faith A. LaSalle, Esq.<br>LAW OFFICES OF FAITH A. LASALLE<br>One Turks Head Place<br>76 Westminster Street, Suite 1010<br>Providence, RI 02903<br>*Attorney for Motiva Enterprises, LLC and Shell Oil Company* |
| Mark K. Ostrowski, Esq.<br>Shipman & Goodwin, LLP<br>One Constitutional Plaza<br>Hartford, CT 06103-1919<br>*Attorney for Motiva Enterprises, Inc.* | Ronald Langlois, Esq.<br>Lauren D. Wilkins, Esq.<br>Smith & Brink<br>One State Street, Suite 400<br>Providence, RI 02908<br>*Attorneys for Defendant, Barry Warner* |
| Jose M. Rojas<br>Shipman & Goodwin, LLP<br>One American Row<br>Hartford, CT 06103-2819<br>*Attorney for Motiva Enterprises, Inc. and Shell Oil Company* | |

Kelly N. Michels

of Hanson Curran LLP