UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA RODERIQUES, as Administratrix of the Estate of Donald Roderiques; Individually; and as Mother and next friend to Madi Roderiques, minor<br>Plaintiff,<br>v.<br>AMERICAN FOAM CORPORATION, et al.,<br>Defendants. | C.A. No. 04-026L |

**ANSWER OF THE DEFENDANTS ERIC POWERS, MARK KENDALL, DAVID FILICE, PAUL WOOLNOUGH, MANIC MUSIC MANAGEMENT, INC. AND KNIGHT RECORDS, INC. TO PLAINTIFFS' COMPLAINT**

The Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. (sometimes collectively referred to herein as "These Defendants") hereby respond to the Plaintiffs' Complaint in accordance with Fed. R. Civ. P. 8 and 12 as follows:

**JURISDICTION AND VENUE**

1 – 3. These paragraphs consist of characterizations and conclusions of law, to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), These Defendants deny the allegations. These Defendants also specifically deny that the District of Massachusetts has proper jurisdiction over them and/or over this action generally.

75

## PARTIES

4 – 12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) legal conclusions to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs.

13. Paul Woolnough and Manic Music Management, Inc. admit these allegations. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. These Defendants admit that Jack Russell was performing on the Great White Tour on February 20, 2003. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15. Mark Kendall admits that he is a resident of the State of California, but denies the remaining allegations contained in this paragraph. Mark Kendall specifically states that he was at all material times an independent contractor hired by Jack Russell Touring, Inc. and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. David Filice admits that he is a resident of the State of California, but denies the remaining allegations contained in this paragraph. David Filice specifically states that he was at all material times an independent contractor hired by Jack Russell Touring, Inc. and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Eric Powers admits that he is a resident of the State of California, but denies the remaining allegations contained in this paragraph. Eric Powers specifically states that he was at all material times an independent contractor hired by Jack Russell Touring, Inc. and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. These Defendants admit that Daniel Biechele was the tour manager for the Great White Tour in 2003 and was so on February 20, 2003. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19. Paul Woolnough admits that he is a resident of the State of California and that he is the principal of Manic Music Management, Inc. and the principal of Knight Records, Inc. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Paul Woolnough and Knight Records, Inc. admit that Knight Records, Inc. is a corporation organized under the laws of the State of California and deny the remaining allegations of this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21 – 30. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) legal conclusions to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs.

## ALLEGATIONS COMMON TO ALL COUNTS

31 – 33. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) legal conclusions to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs.

34. Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. admit that there is an engagement agreement between Jack Russell Touring, Inc. f/s/o Jack Russell's Great White and the owners of the Station Nightclub entered into prior to February 20, 2003 for a performance on the evening of February 20, 2003 at that venue. Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. deny the remaining allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. deny the allegations of this paragraph, insofar as these allegations are directed against them. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36 – 39. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) legal conclusions to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs.

40. Mark Kendall, David Filice and Eric Powers admit that Daniel Biechele set up at the stage area certain devices known commonly as "gerbs" on February 20, 2003, but are without

knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

41. Mark Kendall, David Filice and Eric Powers admit that they took the stage at the Station Nightclub on February 20, 2003, but lack specific knowledge as to the exact time. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. Mark Kendall, David Filice and Eric Powers admit that the "gerbs" were activated while they were performing on February 20, 2003, and a fire ensued, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. These Defendants admit that patrons attempted to exit the Station Nightclub and that people were injured or perished on February 20, 2003 in the Station Nightclub Fire, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**CAUSES OF ACTION**

**COUNTS ONE THROUGH TWENTY-ONE**

44. These Defendants repeat their responses to Paragraphs 1 through 43 of the Plaintiffs' Complaint, as if fully set forth herein.

45 – 123. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than these Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, These Defendants deny the allegations

contained in these paragraphs. To the extent that the allegations contained in these paragraphs incorporate earlier paragraphs, These Defendants restate and reaver their responses to those earlier paragraphs.

**COUNT TWENTY-TWO**

124. These Defendants repeat their responses to Paragraphs 1 through 123 of the Plaintiffs' Complaint, as if fully set forth herein.

125 – 129. Manic Music Management, Inc. and Paul Woolnough deny the allegations contained in these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

**COUNT TWENTY-THREE**

130. These Defendants repeat their responses to Paragraphs 1 through 129 of the Plaintiffs' Complaint, as if fully set forth herein.

131. Manic Music Management, Inc. and Paul Woolnough deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

**COUNT TWENTY-FOUR**

132. These Defendants repeat their responses to Paragraphs 1 through 131 of the Plaintiffs' Complaint, as if fully set forth herein.

133. Manic Music Management, Inc. and Paul Woolnough deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

**COUNT TWENTY-FIVE**

134. These Defendants repeat their responses to Paragraphs 1 through 133 of the Plaintiffs' Complaint, as if fully set forth herein.

135 - 139. Mark Kendall, David Filice and Eric Powers deny the allegations contained in these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

**COUNT TWENTY-SIX**

140. These Defendants repeat their responses to Paragraphs 1 through 139 of the Plaintiffs' Complaint, as if fully set forth herein.

141. Mark Kendall, David Filice and Eric Powers deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

## COUNT TWENTY-SEVEN

142. These Defendants repeat their responses to Paragraphs 1 through 141 of the Plaintiffs' Complaint, as if fully set forth herein.

143. Mark Kendall, David Filice and Eric Powers deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

## COUNT TWENTY-EIGHT THROUGH THIRTY

144. These Defendants repeat their responses to Paragraphs 1 through 143 of the Plaintiffs' Complaint, as if fully set forth herein.

145 – 153. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than these Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs. To the extent that the allegations contained in these paragraphs incorporate earlier paragraphs, These Defendants restate and reaver their responses to those earlier paragraphs.

## COUNT THIRTY-ONE

154. These Defendants repeat their responses to Paragraphs 1 through 153 of the Plaintiffs' Complaint, as if fully set forth herein.

155 – 159. Paul Woolnough and Knight Records, Inc. deny the allegations contained in these paragraphs. The rest of These Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

**COUNT THIRTY-TWO**

160. These Defendants repeat their responses to Paragraphs 1 through 159 of the Plaintiffs' Complaint, as if fully set forth herein.

161. Paul Woolnough and Knight Records, Inc. deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them..

**COUNT THIRTY-THREE**

162. These Defendants repeat their responses to Paragraphs 1 through 161 of the Plaintiffs' Complaint, as if fully set forth herein.

163. Paul Woolnough and Knight Records, Inc. deny the allegations contained in this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which are either (i) directed to persons or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required by the rest of These Defendants, those allegations are denied by them.

## COUNTS THIRTY-FOUR THROUGH FORTY-EIGHT

164. These Defendants repeat their responses to Paragraphs 1 through 163 of the Plaintiffs' Complaint, as if fully set forth herein.

165 – 225. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than these Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs. To the extent that the allegations contained in these paragraphs incorporate earlier paragraphs, These Defendants restate and reaver their responses to those earlier paragraphs.

## COUNT FORTY-NINE

226. These Defendants repeat their responses to Paragraphs 1 through 225 of the Plaintiffs' Complaint, as if fully set forth herein.

227 - 234. To the extent that the allegations contained in these paragraphs are directed against These Defendants, they are denied.

## COUNT FIFTY

235. These Defendants repeat their responses to Paragraphs 1 through 234 of the Plaintiffs' Complaint, as if fully set forth herein.

236. To the extent that the allegations contained in this paragraph are directed against These Defendants, they are denied.

## COUNT FIFTY-ONE

237. These Defendants repeat their responses to Paragraphs 1 through 236 of the Plaintiffs' Complaint, as if fully set forth herein.

238. To the extent that the allegations contained in this paragraph are directed against These Defendants, they are denied.

**COUNTS FIFTY-TWO THROUGH SIXTY**

239. These Defendants repeat their responses to Paragraphs 1 through 238 of the Plaintiffs' Complaint, as if fully set forth herein.

240 – 291. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, which are either (i) directed to persons or entities other than these Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, These Defendants deny the allegations contained in these paragraphs. To the extent that the allegations contained in these paragraphs incorporate earlier paragraphs, These Defendants restate and reaver their responses to those earlier paragraphs.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense of lack of personal jurisdiction over them by this Court and the Federal Court from which this action was transferred.

SECOND AFFIRMATIVE DEFENSE

If the Plaintiffs should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions of third parties over whom These Defendants had no control or right of control.

THIRD AFFIRMATIVE DEFENSE

While These Defendants deny the allegations of the Plaintiffs with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that the Plaintiffs may be able to prove the same, they were the result of intervening and/or interceding acts or superseding

negligence on the part of third parties over which These Defendants had neither control nor right of control.

FOURTH AFFIRMATIVE DEFENSE

These Defendants state that, if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by some person(s) or entity(ies) for whose conduct These Defendants were not and are not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

These Defendants did not act individually or engage in concert of action with any one or more of the other defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means. Nor did These Defendants join in or participate in any joint venture with any one or more of the other defendants herein. Accordingly, the Plaintiffs cannot recover against These Defendants under theories of civil conspiracy or joint venture liability.

SIXTH AFFIRMATIVE DEFENSE

The damages, if any, recovered by the Plaintiffs from These Defendants from the decedent's alleged wrongful death are prescribed and limited by the provisions of R.I. Gen. Laws §§ 10-7-1 through 10-7-4.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim for a specific monetary award (*ad damnum*) is barred by Rhode Island law and should be stricken pursuant to R.I. Gen. Laws § 9-1-30.

EIGHTH AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense that the Complaint fails to state any claim against These Defendants upon which any relief, whether compensatory, exemplary, punitive, or otherwise can be granted.

NINTH AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense that to the extent the Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable State statutes to the extent that, among other things: (1) These Defendants' liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than These Defendants' alleged conduct in connection with the events at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating the Plaintiffs for elements of damage not otherwise recognizable by applicable State law.

TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are time-barred by the applicable Statute(s) of Limitations.

**JURY DEMAND**

These Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. respectfully request that:

A. the Plaintiffs' Complaint be dismissed with prejudice as to Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Mark Kendall, Manic Music Management, Inc. and Knight Records, Inc.;

B. Plaintiffs' demands for relief against Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

Eric Powers; Mark Kendall; David Filice; Paul Woolnough; Manic Music Management, Inc.; and Knight Records, Inc.

By their Attorneys,

Fred A. Kelly, Jr. (by RJS)

Fred A. Kelly, Jr. (#4553)
Randall L. Souza (#4082)
Ian C. Ridlon (#5524)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Edwin F. McPherson (by RJS)

Edwin F. McPherson (Admitted *Pro Hac Vice*)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: September 22, 2004

CERTIFICATION OF SERVICE

I hereby certify that on the 22nd day of September, 2004, I mailed a true copy of the within Answer of Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. to Plaintiffs' Complaint via first-class mail, postage prepaid to all counsel of record listed on attached service list.

Collette Balmer