UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINDA RODERIQUES, et al. :
:
v. : C.A. No. 04-026-L
:
AMERICAN FOAM CORPORATION, et al.:

DEFENDANT JOSEPH LAFONTAINE D/B/A NEW ENGLAND CUSTOM ALARMS' ANSWER TO THIRD AMENDED MASTER COMPLAINT

Defendant Joseph LaFontaine d/b/a New England Custom Alarms ("LaFontaine"), by his counsel, hereby responds to Plaintiffs' Notice of Adoption of Third Amended Master Complaint as follows:

As to the allegations contained in the Third Amended Master Complaint, LaFontaine responds as follows:

1. – 271. LaFontaine neither admits nor denies the allegations contained in paragraphs 1 through 271 and leaves the Plaintiffs to their proof thereof.

272. – 734. Paragraphs 272 – 734 are not directed toward this Defendant and, therefore, no answer appears necessary; however, to the extent that Paragraphs 272 – 734 make any allegation against this Defendant, they are denied.

COUNT LXXXVII
JOSEPH LAFONTAINE -- NEGLIGENCE

735. Denied.

736. Admitted.

737. LaFontaine neither admits nor denies the allegation contained in Paragraph 737 and leaves the Plaintiffs to their proof thereof.

738. Denied.

739. Denied.

740. Denied as to any negligence on the part of this Defendant.

741. – 1029. Paragraphs 741 – 1029 are not directed toward this Defendant and therefore no answer seems necessary; however, to the extent that Paragraphs 741 through 1029 make any allegations against this Defendant, they are denied.

WHEREFORE, LaFontaine demands judgment against the Plaintiffs, together with attorneys' fees, costs and such other relief as the Court deems fair and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any alleged injuries or damages sustained by Plaintiffs were not directly or proximately caused by any direct or indirect act or any omission of LaFontaine but were the result of independent, intervening and/or superseding negligent and/or criminal acts or omissions of parties or non-parties over whom LaFontaine had no control and for whom LaFontaine is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs did not exercise due care and their comparative fault was a proximate cause of any alleged injuries and damages sustained by Plaintiffs or their decedents. Accordingly, Plaintiffs' claims are barred or limited by such fault or negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs assumed known risks and, therefore, they have no recovery against LaFontaine.

FIFTH AFFIRMATIVE DEFENSE

LaFontaine asserts the defense contained in R.I. Gen. Laws § 9-1-32.

SIXTH AFFIRMATIVE DEFENSE

LaFontaine asserts that the alleged dangers were open and obvious.

SEVENTH AFFIRMATIVE DEFENSE

LaFontaine asserts that the fire alarm system conformed to the state of the art with respect to design, development, manufacture, production and warnings at the time of sale and, therefore, Plaintiffs' actions are barred in whole or in part.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

NINTH AFFIRMATIVE DEFENSE

At all times, LaFontaine exercised all ordinary and/or appropriate care and acted in accordance with reasonable commercial standards.

TENTH AFFIRMATIVE DEFENSE

At all times, LaFontaine acted consistently with and in accordance with applicable laws and regulations.

ELEVENTH AFFIRMATIVE DEFENSE

LaFontaine asserts the affirmative defense that under the laws applicable to this case and to the extent claimed by Plaintiffs, no punitive damages can be recovered by Plaintiffs as punitive damages are appropriate only when there is proof that the acts complained of were done with malice and bad faith and with the intent to cause harm.

## TWELTH AFFIRMATIVE DEFENSE

LaFontaine asserts the affirmative defense that to the extent Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and the Rhode Island Constitution to the extent, among other reasons, 1) LaFontaine's liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; 2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; 3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum limit on the amount of punitive damages that the court or a jury may impose; 4) any award of punitive damages is based on anything other than LaFontaine's alleged conduct in connection with the transaction at issue in this lawsuit; or 5) an award of punitive damages is sought for the purposes of compensating Plaintiffs for elements of damage not otherwise recognizable by applicable state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

LaFontaine asserts the affirmative defense that to the extent Plaintiffs seek to impose punitive damages, Plaintiffs' claims for punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Rhode Island Constitution. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: 1) lacks constitutionally sufficient standards to guide the

discretion used in determining whether to award punitive damages; 2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages; 3) unconstitutionally may permit recovery of punitive damages in any amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; 4) unconstitutionally may permit consideration of net worth or other financial information; 5) does not expressly prohibit awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics; 6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages; 7) lacks constitutionally sufficient standards for appellate review of any punitive damages award; and 8) otherwise fails to satisfy Supreme Court precedent.

FOURTEENTH AFFIRMATIVE DEFENSE

LaFontaine incorporates the affirmative defenses of the co-defendants in this action to the extent that such affirmative defenses are not inconsistent with the defenses asserted by LaFontaine.

FIFTEENTH AFFIRMATIVE DEFENSE

LaFontaine reserves such further defenses of which he may not be aware that may appear hereafter during discovery, trial or otherwise.

WHEREFORE, LaFontaine demands judgment against the Plaintiffs, together with attorneys' fees, costs and such other relief as the Court deems fair and just.

Defendant requests a trial by jury.

Respectfully submitted,

JOSEPH LAFONTAINE D/B/A
NEW ENGLAND CUSTOM ALARMS
By his Attorneys,

David A. Wollin (#4950)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: June 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2006, I caused a true copy of the within to be served via electronic e-mail to the list of counsel of record appended hereto.

386161_1.doc

| Name | E-mail Address |
|---|---|
| Allen J. McCarthy Esq. | stationlitigation@melicklaw.com |
| Andrew J. Trevelise Esq. | atrevelise@reedsmith.com |
| Ann M. Songer Esq. | stationfire@shb.com |
| Anthony F. DeMarco Esq. | tdemarco@conversent.net |
| Benjamin V. White III Esq. | bwhite@vetterandwhite.com |
| Bennett R. Gallo Esq. | brg@ndgrb.com |
| Brian R. Cunha Esq. | brian@briancunha.com |
| Bruce P. Keller Esq. | bpkeller@debevoise.com |
| C. Russell Bengtson Esq. | rbengtson@ckmlaw.com |
| Carl A. Henlein Esq. | chenlein@fbtlaw.com |
| Charles L. Babcock Esq. | cbabcock@jw.com |
| Charles N. Redihan Jr. Esq. | credihan@kprlaw.com |
| Christopher C. Fallon Jr. Esq. | cfallon@cozen.com |
| Curtis R. Diedrich Esq. | cdiedrich@sloanewalsh.com |
| Daniel J. Horgan Esq. | horganlaw@snet.net |
| Daniel P. McKiernan | danielpmckiernan@yahoo.com |
| David T. Mitrou Esq. | dmitrou@mccormackfirm.com |
| Deborah G. Solmor Esq. | dsolmor@skadden.com |
| Dennis J. Roberts II Esq. | kgoyer@djrlaw.com |
| Donald J. Maroney Esq. | dmaroney@kkrs.com |
| Earl H. Walker Esq. | ewalker@jw.com |
| Edward M. Crane Esq. | ecrane@skadden.com |
| Edward T. Hinchey Esq. | ehinchey@sloanewalsh.com |
| Edwin F. McPherson Esq. | emcpherson@m-klaw.com |
| Eric Bradford Hermanson Esq. | ehermanson@choate.com |
| Esquire Deposition Services | stationfire@esquirecom.com |
| Eva Marie Mancuso Esq. | emancuso@hwac.com |
| Fred A. Kelly Jr. Esq. | stationfirelitigation@nixonpeabody.com |
| George E. Wolf III Esq. | stationfire@shb.com |
| Georgia A. Sullivan Esq. | georgia.sullivan@thehartford.com |
| Gerald C. Demaria Esq. | jruggieri@hcc-law.com |
| Howard A. Merten Esq. | hmerten.station@psh.com |
| Howard J. Julian | sohohomes@yahoo.com |
| J. Renn Olenn Esq. | kbh@olenn-penza.com |
| James A. Bigos Esq. | jim@b-plaw.com |
| James A. Ruggieri Esq. | jruggieri@hcc-law.com |
| James H. Reilly III Esq. | jreilly@kkrs.com |
| James J. Restivo Jr. Esq. | jrestivo@reedsmith.com |
| James R. Lee Esq. | jlee@riag.ri.gov |
| James T. Murphy Esq. | stationfire@hansoncurran.com |
| Jessica Deanseris Esq. | jdean@wistbar.com |
| John J. Cloherty III Esq. | jcloherty@piercedavis.com |
| John J. Flanagan Esq. | jflanagan@torti.com |
| John J. Nazzaro Esq. | attynazzaro@aol.com |
| John R. Crockett III Esq. | jcrockett@fbtlaw.com |
| John R. Mahoney Esq. | johnmahoney@amlawllp.com |
| Joseph Aronson Esq. | jaronson@mccormackfirm.com |

| Name | E-mail Address |
|---|---|
| Joseph B. Bums Esq. | jburns@rms-law.com |
| Joseph J. Bellew Esq. | jbellew@cozen.com |
| Joseph Krowski Esq. | josephkrowski.law@verizon.net |
| Joseph V. Cavanagh Jr. Esq. | stationfire@blishcavlaw.com |
| Karen A. Alegria Esq. | karen@briancunha.com |
| Kelly N. Michels Esq. | stationfire@hansoncurran.com |
| Kevin F. Bowen Esq. | kbowen@bbglaw.us |
| Kim M. Clarke Esq. | stationfirelitigation@nixonpeabody.com |
| Kristin E. Rodgers Esq. | stationfire@blishcavlaw.com |
| Lauren D. Wilkins Esq. | stationfire@smithbrink.com |
| Lawrence G. Cetrulo Esq. | sarmato@cetcap.com |
| Lawrence J. Cappuccio Esq. | l.cappuccio@worldnet.att.net |
| Linda Magro Esq. | jruggieri@hcc-law.com |
| Marc DeSisto Esq. | stationfire@desistolaw.com |
| Mark C. Hadden Esq. | mhadden@mhaddenlaw.com |
| Mark D. Cahill Esq. | mcahill@choate.com |
| Mark D. Tourgee Esq. | aminchillo@itwlaw.com |
| Mark P. Dolan Esq. | ricedolan@ricedolan.com |
| Mark Parsky Esq. | mep@mcveyparsky-law.com |
| Mark S. Mandell Esq. | msmandell@msn.com |
| Mark T. Nugent Esq. | mnugent@morrisonmahoney.com |
| Mark T. Reynolds Esq. | mtreynolds@conversent.net |
| Matthew F. Medeiros Esq. | mfm@lmkbw.com |
| Max Wistow Esq. | mw@wistbar.com |
| Michael A. St. Pierre Esq. | mikesp@rrsplaw.com |
| Michael J. Mazurczak Esq. | stationlitigation@melicklaw.com |
| Michael J. McCormack Esq. | mmccormack@mccormackfirm.com |
| Michael Potenza Esq. | mpotenza@debevoise.com |
| Michael R. DeLuca Esq. | mrd@gsm-law.com |
| Nancy W. Hamilton Esq. | nhamilton@jw.com |
| Patrick T. Jones Esq. | pjones@cmj-law.com |
| Paul V. Sullivan Esq. | pvsullivan@morrisonmahoney.com |
| Peter Schneider Esq. | pschneider@cmj-law.com |
| Ralph J. Monaco Esq. | rmonaco.c-1@snet.net |
| Richard W. MacAdams Esq. | rmacadams@mandwlaw.com |
| Robert I. Reardon Jr. Esq. | reardonlaw@aol.com |
| Robert T. Norton Esq. | rnorton@sloanewalsh.com |
| Ronald J. Creamer Esq. | resminilaw@yahoo.com |
| Ronald J. Resmini Esq. | resminilaw@yahoo.com |
| Ronald Langlois Esq. | stationfire@smithbrink.com |
| Russell Bramley Esq. | bramley@hbhlaw.net |
| S. Michael Levin Esq. | mlevin@wszlaw.com |
| Scott J. Tucker Esq. | stucker@ths-law.com |
| Stefanie DiMaio-Larivee Esq. | fonia@msn.com |
| Stephen A. Izzi Esq. | sizzi@cox.net |
| Stephen E. Breggia Esq. | sbreggia@bbglaw.us |
| Stephen J. MacGillivray Esq. | smacgillivray@eapdlaw.com |

| Name | E-mail Address |
|---|---|
| Stephen M. Prignano Esq. | sprignano@eapdlaw.com |
| Stephen P. Fogerty Esq. | Fogerty@halloran-sage.com |
| Stephen T. Armato Esq. | sarmato@cetcap.com |
| Steven A. Minicucci Esq. | sminicucci@calvinolaw.com |
| Steven M. Richard Esq. | stationfirelitigation@nixonpeabody.com |
| Susan S. Wettle Esq. | swettle@fbtlaw.com |
| Suzanne O'Donoghue Esq. | sodonoghue@hcc-law.com |
| T. Dos Urbanski Esq. | stationlitigation@melicklaw.com |
| Thomas C. Angelone Esq. | angelonelaw@aol.com |
| Thomas R. Bender Esq. | stationfire@hansoncurran.com |
| Thomas W. Lyons Esq. | tlyons@straussfactor.com |
| Timothy A. Williamson Esq. | aminchillo@itwlaw.com |
| Tracy L. Poppe Esq. | reardonlaw@aol.com |
| W. Thomas McGough Jr. Esq. | tmcgough@reedsmith.com |
| William A. Filippo Esq. | wfilippo@calvinolaw.com |
| William E. O'Gara Esq. | wogara@pld-law.com |